GEORGE W. HILTON *vs.* THOMAS J. McDONALD.

Middlesex.    March 9, 1899. — March 14, 1899.

Present: HOLMES, KNOWLTON, LATHROP, BARKER, & HAMMOND, JJ.

*Misconduct of Juror — Discretion of Court.*

The fact that, after the evidence was all in and the court had adjourned to the following day, as the jury were leaving the court-house the foreman entered the carriage of one of the witnesses of the defendant and drove away with him, does not require, as matter of law, that the verdict afterwards rendered for the defendant should be set aside, although the occurrence is one not to be encouraged.

TORT, for alleged false and fraudulent representations in the sale of a horse. At the trial in the Superior Court, before *Hopkins,* J., after the jury had returned a verdict for the defendant, the plaintiff, filed the following motion to set aside the same: "Because that one or more of the members of said jury before whom the said cause was heard was or were spoken to in reference to the same, by one or more of the witnesses who testified in behalf of the defendant, both prior to and during the trial, and also by others."

There was evidence tending to show that after the evidence was all in and the court had adjourned to the following day,

when the judge was to charge the jury, one William A. Reed, the foreman of said jury, was seen to get into the carriage of one of the defendant's witnesses in the case, named Banks, and drive down the street with him ; and a juror testified that Banks drove up to the court-house gate, from the place where he had previously tied his horse, while engaged as a witness at the trial, and as the jury filed out of the same turned his horse around, and that Reed then got into his carriage and drove by the jury as they went down the street from the court-house.

The judge refused to grant the plaintiff's motion ; and the plaintiff alleged exceptions.

*J. H. Morrison*, for the plaintiff.

*J. J. Hogan & W. A. Hogan*, for the defendant.

HOLMES, J. Such occurrences as that of which the plaintiff complains certainly are not to be encouraged, and no doubt would need very little more to induce a presiding justice to set aside a verdict. But we cannot say that what happened required the verdict to be set aside as matter of law. *Johnson* v. *Witt,* 138 Mass. 79.                    *Exceptions overruled.*