COMMONWEALTH *vs.* ANTONIO LEONE.

Essex.    November 19, 1924. — January 9, 1925.

Present: RUGG, C.J., BRALEY, PIERCE, CARROLL, & WAIT, JJ.

*Motor Vehicle,* Operator.    *Way,* Public.

At the trial of an indictment under G. L. c. 90, § 24, charging the defendant with operating a motor vehicle so that the lives or safety of the public might be endangered, there was evidence tending to show that the defendant, approaching St. Lawrence's Square in Lawrence, formed by the confluence of five streets, and when four hundred to five hundred feet therefrom, was running at the rate of from fifteen to twenty miles per hour; that he passed to the left of an electric street car, going in the same direction at the rate of from eight to nine miles per hour, and that he immediately returned to the right side of the road, proceeding to the square; that a woman crossing the square, when twenty-five feet from the curb, stopped and moved backward twelve to fifteen feet and looked at an automobile approaching from the opposite direction to that from which the defendant was approaching, but did not look toward the defendant; that the other automobile touched the woman's clothes and the rear mudguard of the defendant's automobile struck her, whirled her around, and threw her down; and that at that time the defendant's automobile was going "very fast." *Held,* that

(1) There was evidence warranting a verdict of guilty;

(2) The evidence as to the position of the defendant's automobile on the street with relation to that of the electric street car, and the testimony regarding the speed of the car and of the automobile when four hundred to five hundred feet distant from the place of the accident were relevant and material and properly were admitted;

(3) A contention that St. Lawrence's Square was not a way within the meaning of G. L. c. 90, § 1, was without merit.

INDICTMENT, found and returned on January 18, 1924, charging that the defendant on October 27, 1919, at Lawrence "upon a way did operate a motor vehicle so that the lives or safety of the public might be endangered."

There was a trial before *Hayes*, J., a. judge of a district court sitting in the Superior Court under St. 1923, c. 469. Material evidence and exceptions by the defendant are described in the opinion. At the close of the evidence, the defendant moved that a verdict of not guilty be ordered. The motion was denied. The defendant was found guilty and alleged exceptions.

*W. C. Ford*, for the defendant.

· *W. G. Clark*, District Attorney, *& F. E. Raymond*, Assistant District Attorney, for the Commonwealth, submitted a brief.

PIERCE, J. This is an indictment under G. L. c. 90, § 24, for operating, at a time and place specified, a motor vehicle so that the lives or safety of the public might be endangered. At the close of the evidence the defendant duly moved that the court order the jury to return a verdict for the defendant on the indictment. The presiding judge refused to grant the motion and the defendant duly excepted. The jury returned a verdict of guilty. The case is before this court on the defendant's exception to the refusal to grant the motion, and upon exceptions taken to the admission of certain evidence hereinafter referred to.

On the motion there was evidence that the alleged offence occurred in St. Lawrence's Square, in Lawrence, at a point opposite the end of Brook Street; that St. Lawrence's Square is about one hundred ten feet wide and one hundred twenty-five feet long; that at the east side of the square Brook Street starts running easterly; that at the southerly side Newbury Street starts running in a southerly direction, and East Haverhill Street in a southwesterly direction; that Avon Street starts at the westerly side of the square and Berkeley Street at the northerly side; that the square is open, it has no crosswalks, and there are no other streets or means of entrance to it except those above mentioned; and that Brook Street stops where it enters the square.

There was evidence that a woman, at 5 P.M. on October

27, 1919, entered the square from Brook Street and travelled westerly in the square to a point about twenty-five feet west of the curbstone at the end of Brook Street; that at this time two automobiles, one driven by the defendant and the other by some person unknown, approached the square coming from opposite directions; that the woman, after reaching the point above described, stopped and subsequently moved backward between twelve and fifteen feet; that as she moved backward she looked at the automobile approaching her in a southerly direction, but did not look at the automobile of the defendant approaching her in a northerly direction; that the automobile coming from the north seemed to touch the clothes of the woman, and the rear mudguard of the defendant's automobile struck her, whirled her around and knocked her down.

There was no evidence of the speed of the car approaching from the north at the time of the injury. There was evidence that the car of the defendant was travelling " very fast " at the moment of the contact, but nothing to show its speed in miles per hour immediately before the accident. There was evidence, admitted subject to the exception of the defendant, that his automobile approached the square from the south on Newbury Street; that it ran at the rate of from fifteen to twenty miles an hour as it passed on the left of an electric car, travelling in the same direction at the rate of eight to nine miles an hour; and that it passed in front of the electric car to the right of the street, when four to five hundred feet from the place of the accident. On the part of the defendant there was evidence that the rate of speed of his automobile was from four to eight miles an hour as it approached the place of the accident; that the automobile was slowed down, the brakes were applied, and the horn blown.

On the foregoing facts we cannot say that the jury were not warranted in finding that the rate of speed of the automobile when it entered the square was such as to endanger the lives and safety of the public who might be in or come into the square when the automobile entered. *Commonwealth* v. *Best*, 180 Mass. 492, 497. *Commonwealth* v. *Vandenhecke*, 248 Mass. 403. *Commonwealth* v. *Pentz*, 247

Mass. 500. The evidence of the witness as to the position of the defendant's automobile on the street relative to that of the electric car, and the testimony regarding the speed of the car and of the automobile when distant four hundred to five hundred feet from the place of the accident, had a legitimate, relevant bearing upon the speed of the automobile when it entered the square, and upon the question whether such rate of speed as the jury found the automobile was then being driven was within the inhibition of the statute.

We find nothing in the suggestion of the defendant that St. Lawrence's Square was not a way within the meaning of G. L. c. 90, § 1.

*Exceptions overruled.*