COMMONWEALTH *vs.* CARL HARRIS.

Suffolk.    October 20, 1926. — November 22, 1926.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Motor Vehicle*, Operation. *Way*, Public. *Evidence*, Presumptions and burden of proof.

Evidence at the trial of a complaint for the violation of G. L. c. 90, § 24, at Revere "upon a certain way, to wit: North Shore road," which showed merely that "North Shore road" was used by automobilists; that a large number of automobiles travelled over it; that an automobile was travelling upon it seven hundred feet away when the person injured started to cross it; that there were four automobiles on it immediately after the accident, and that the defendant's automobile and another automobile travelled from Boston to Lynn and from Newton to Lynn, respectively, via the North Shore road on the day of the accident, was *held*, not to be sufficient to warrant a finding that the road was a "way" as defined by G. L. c. 90, § 1; in the absence of other evidence as to the road, a verdict of not guilty should have been ordered.

COMPLAINT, received and sworn to in the Police Court of Chelsea, on December 29, 1925, charging that the defendant on December 25, 1925, "did operate a certain automobile

upon a certain way, to wit: North Shore road, and did go away without making known his name, residence and number of his motor vehicle, after knowingly colliding with a certain person."

On appeal to the Superior Court, the complaint was tried before *Hayes*, J., a judge of a district court sitting in the Superior Court under Sts. 1923, c. 469; 1924, c. 485. Material evidence and exceptions by the defendant are stated in the opinion. The defendant was found guilty and alleged exceptions.

*M. Caro*, for the defendant.

*E. J. Harrigan*, Assistant District Attorney, for the Commonwealth.

WAIT, J.   G. L. c. 90, § 24, imposes a penalty upon "any person who operates a motor vehicle upon any way and who, without stopping and making known his name, residence and the number of his motor vehicle, goes away after knowingly colliding with or otherwise causing injury to any person." A "way" is defined by G. L. c. 90, § 1, as "any public highway, private way laid out under authority of statute, way dedicated to public use, or way under the control of park commissioners or body having like powers."

The defendant was charged with having committed the offence at Revere "upon a certain way, to wit: North Shore road." The only evidence introduced to show that North Shore road was a "way" was, that it was used by automobilists; that a large number of automobiles travelled over it; that an automobile was travelling upon it seven hundred feet away when the person injured started to cross it; that there were four automobiles on it immediately after the accident, and that the automobile of one Hay and the defendant's automobile travelled from Newton to Lynn and from Boston to Lynn, respectively, via the North Shore road on the day of the accident.

There was no evidence except the use of the way and such inferences as may be drawn from the evidence stated, that the road had been dedicated to public use for any period of time. There was no other evidence of any taking or laying out or setting apart of this road as a public way, or

that it was a private way laid out under the authority of statute or that it was under the control of park commissioners or a body having like powers.    There was no evidence of its width, of its surface, of the method of its construction. There was evidence that at the locality of the accident there were no arc lights or other lights upon it.    Obviously the evidence was insufficient to establish that North Shore road was a way as defined by the statute.    There was no evidence of the presence of curbstones, paved surface, connections with other ways, presence of street car tracks, of general use for long periods of time, such as taken with other facts was held sufficient in *Commonwealth* v. *Leone,* 250 Mass. 512, and *Commonwealth* v. *Mara, ante,* 198, 209, to justify findings that the place of the accident was a way within the meaning of the statute.

On the evidence as it stood, there was error in refusing the defendant's motion for a directed verdict.

*Exceptions sustained.*