[No. 22716. Department One. April 14, 1931.]

JOHN HUSBY, *Respondent,* v. FIORATA BROTHERS, *Appellants.*[1]

*Schwellenbach, Merrick & Macfarlane,* for appellants.

*John F. Dore* and *O. T. Webb,* for respondent.

PARKER, J.—The plaintiff, Husby, seeks recovery of damages for injuries to his person and to his touring automobile suffered, as he claims, as the result of the negligent driving of a heavy motor truck belonging to and being operated for the defendants, Fiorata Brothers, approaching and within a street intersection in Seattle. A trial in the superior court for King county, sitting with a jury, resulted in a verdict awarding to plaintiff recovery and a judgment thereon against the defendants in the sum of two thousand dollars, from which they have appealed to this court.

Sixteenth avenue runs north and south, and is crossed at right angles by West Seventieth street.

[1]Reported in 297 Pac. 1075.

Neither is an arterial highway. Just prior to the occurrence of the accident in question, appellants' servant was driving a heavy motor truck belonging to them south on Sixteenth avenue, approaching West Seventieth street. At the same time, respondent was driving his automobile east on West Seventieth street, approaching Sixteenth avenue. When respondent's automobile had come into the intersection and had proceeded to nearly the east line of the roadway of Sixteenth avenue, it was struck approximately in the middle of the left side, that is, its north side, by appellants' truck. The impact forced respondent's automobile against the curb and a telephone pole at the southeast corner of the intersection, causing his automobile to be greatly damaged, and also causing him to be personally injured.

The principal contention here made in behalf of appellants, and the only one we regard as calling for our serious consideration, is that the trial court erred, in permitting the witness Mero to testify as to the speed of appellants' truck at a distance of three hundred and ninety feet north of the intersection, just prior to the occurring of the accident. Excessive speed was charged as one of the elements of the negligence of the driver of the truck as a proximate cause of respondent's damages.

Mero is an experienced street car motorman. His home fronts on Sixteenth avenue three hundred and ninety feet north of the intersection where the accident occurred. There is a five per cent down grade from his house to the intersection. He testified, in substance, that, while sitting in the front room of his house, he saw appellants' truck pass his house going south, and in less than a minute thereafter heard the crash of its contact with respondent's automobile.

Counsel for respondent, by appropriate questions, sought to have Mero testify as to the speed of the truck while passing his house. It seems plain he was qualified to so testify. This was objected to by counsel for appellants, which objection was by the court then sustained. The ground of the objection and the ruling thereon manifestly was, though not very clearly stated, that testimony of the excessive speed of the truck at that distance from the place of the accident was too remote to have any legitimate bearing on the question of excessive speed as a proximate cause of the accident.

Later in Mero's examination, he estimated the speed of the truck while passing his house at forty miles per hour. This was admitted by the court over the objection of counsel for appellants; the ground of the ruling apparently being that Mero's so estimating the speed of the truck was in his testimony relating to a conversation between him and a policeman in the presence of the driver of the truck immediately following the accident. So, in this manner, Mero in his testimony gave his estimate of the speed of the truck. While he said he stated to the policeman that "the truck was going forty miles an hour past my house," it seems to us he was also then expressing his opinion that that statement was true.

The speed of the truck, while passing Mero's house three hundred and ninety feet from the place of the accident, of course, is not direct evidence of the speed of the truck at the time it immediately entered the intersection, or at the instant of its contact with respondent's automobile; but it is a circumstance so close to the accident as to time and place that it was proper to be noticed by the jury. *Martin v. Oregon Stages*, 129 Ore. 435, 277 Pac. 291; *Davies v. Barnes,*

201 Ala. 120, 77 South. 612; *Shropshire v. Pickwick Stages,* 83 Cal. App. 216, 258 Pac. 1107.

Some further claims of error are made as to the court's refusal to give requested instructions. We deem it sufficient to say that, from an examination of the instructions given by the court, we find that they sufficiently stated the law favorable to appellants as to the matters covered by the requested instructions, which principally had relation to the right of way of automobile traffic at street intersections being relative, though the right of way rule, under ordinary circumstances, is favorable to the automobile approaching the intersection from the right.

We are unable to see, in the record before us, any error prejudicial to the rights of appellants. The judgment is affirmed.

TOLMAN, C. J., MAIN, MITCHELL, and HOLCOMB, JJ., concur.