DONALD G. DAVIDSON *vs.* BEACON HILL TAXI SERVICE, INC.

GEORGE B. DAVIDSON *vs.* SAME.

Suffolk.   March 9, 1932. — March 28, 1932.

Present: RUGG, C.J., CROSBY, WAIT, SANDERSON, & FIELD, JJ.

*Evidence,* Of speed.

At the trial of an action for personal injuries sustained by a boy when he was struck on a street by an automobile of the defendant, it was not error for the trial judge, after a witness for the plaintiff, another boy nine years of age at the time of the accident, had described the occurrence of the accident, to exclude a question then asked him as to how fast the automobile was going, it being apparent that the question was excluded, not because of the witness' age, but because his estimate of speed would have been too unintelligent and unreliable to be of probative value, since he first saw the automobile when it was only fifteen feet from the plaintiff and when he himself was running across its path and thereafter until the plaintiff was struck he was running to avoid being struck.

TWO ACTIONS OF TORT. Writs dated June 14, 1928.

The actions were tried together in the Superior Court before *Gray,* J. Material evidence and evidence excluded are described in the opinion. There was a verdict for the defendant in each action. The plaintiffs alleged an exception to the exclusion of such evidence.

*R. J. Walsh,* for the plaintiffs.

*R. Gallagher,* for the defendant.

CROSBY, J. These are actions of tort, the first to recover for personal injuries alleged to have been sustained by a minor who was struck by a taxicab operated by a servant of the defendant, and the second by his father to recover for medical expenses incurred as a result of his son's injuries.

At the trial Bernard J. Corcoran was called as a witness by the plaintiffs. At the time of the accident he was nine years old, and at the time of the trial he was twelve. He

testified, in substance, that on the afternoon of the accident he and another boy were playing ball in an alley which intersects West Cedar Street, in Boston; that later the minor plaintiff (who will hereafter be referred to as the plaintiff) joined them; that this witness and the plaintiff ran out of the alley into the street to get the ball; that when they had reached a point about two thirds of the distance across the street the witness heard a "screeching" of brakes and saw the taxicab about fifteen feet away, and that the plaintiff was then struck by the right front fender of the taxicab.   In his direct examination this witness was asked, "How fast was this car going at the time that you saw it fifteen feet away?"   Counsel for the defendant objected to the question, and the trial judge asked, "Do you think you can get any reliable evidence from these circumstances, a boy nine years old running out into a street and seeing it only that short distance of time?" Thereafter the plaintiff's counsel asked the witness other questions, in the course of which the witness testified that he kept on going and the plaintiff was struck, and that he went over the plaintiff and did not get struck by the taxicab which stopped at a place about twenty-five feet from the place of the accident.   The witness was then asked, "How fast was the car going during the time you saw it, fifteen feet away?"   This question was objected to by the defendant and the judge stated, "I think it is too unreliable to ask any jury to base a verdict on his speed under those circumstances."   To this statement, which in effect excluded the proffered testimony, the plaintiff excepted. Thereafter the witness testified that for three months prior to the accident he had ridden in the car of his brother-in-law almost every day.   As to this evidence the judge stated to counsel: "In so far as you have attempted since then to qualify him as an expert, I am not satisfied that he is qualified."

It is well settled that proof of the speed of a motor vehicle does not depend solely upon expert testimony, but that any witness may testify respecting such speed, if found by the presiding judge to understand the nature of an oath

and to possess sufficient knowledge and intelligence to testify to the point. Much must be left to the discretion of the judge before whom the case is heard. *Commonwealth* v. *Mullins*, 2 Allen, 295, 296. It is apparent in the present case that the judge did not exclude the evidence because of the age of the witness. He permitted him to testify as to all the circumstances attending the accident except the matter of speed. We are of opinion that the ruling of the judge was not erroneous. The undisputed evidence of the witness was to the effect that he ran out of the alley into the street, and saw the defendant's taxicab for the first time when it was fifteen feet away. The intervening time from when he first saw it until the plaintiff was struck could have been at most only a few seconds. During that time he was running to escape being struck. It is inconceivable that he could have had any intelligent opinion as to the speed of the taxicab in these circumstances. His estimate of its speed was too unreliable and untrustworthy to aid the jury upon that question. It was of no value as evidence. *Koch* v. *Lynch*, 247 Mass. 459, 462. *Hough* v. *Boston Elevated Railway*, 262 Mass. 91, 94.

*Exceptions overruled.*