RICHARD LOGAN *vs.* ROBERT M. GOWARD
(and a companion case [1]).

Norfolk.    November 9, 1942. — January 25, 1943.

Present: FIELD, C.J., DONAHUE, QUA, COX, & RONAN, JJ.

*Practice, Civil,* Requests, rulings and instructions, New trial. *Evidence,* Of speed.

At the trial of an action by a thirteen year old boy for personal injuries sustained in a collision of an automobile with a bicycle propelled by a companion while the plaintiff was riding on its cross bar, in which the defendant did not contend that the plaintiff was guilty of contributory

---

[1] The companion case is Fred S. Logan *vs.* Robert M. Goward.

negligence as a matter of law, there was no error in the denial of a request for an instruction to the effect that the plaintiff must have been "conscious" that "he was engaged in a dangerous practice in so riding," since the request, even if it was a request for a ruling of law, related only to a subsidiary matter.

No error was disclosed in the refusal to strike out testimony of a boy that, when he first saw an automobile whose speed was in issue, it was going forty miles an hour, although in cross-examination he testified in effect that his estimate was made "in a flash," where he also testified that he observed the automobile cover a distance that could be found to have been about sixty feet and then come to a stop, and that he had ridden in an automobile with his father and had made observations of speed.

No abuse of discretion was disclosed in the denial of a motion for a new trial made on the ground that a verdict for the plaintiff was against the weight of the evidence, although the judge at the hearing of the motion expressed in emphatic language his view that the plaintiff and his witnesses had committed perjury at the trial, where there was evidence from the defendant on which the jury could find for the plaintiff.

Two ACTIONS OF TORT. Writs in the District Court of East Norfolk dated July 7, 1939.

Upon removal to the Superior Court, the cases were tried together before *Morton, J.*

*R. J. Walsh,* for the defendant.

*C. W. Spencer & Lee ·M. Friedman,* (*M. N. Lane* with them,) for the plaintiffs.

QUA, J. The minor plaintiff brings an action for personal injuries, and his father brings an action for consequential damages, all sustained as the result of an accident at or near the junction of Highland Avenue and South Central Avenue in Quincy on November 17, 1938. There was a verdict for each plaintiff.

The minor plaintiff, hereinafter called the plaintiff, a boy of thirteen, was riding seated on the "cross bar" of a bicycle propelled by another boy of the same age named Pitman. The "cross bar" is described as running "from the steering post to the seat post." Both of the plaintiff's legs were on the right hand side of the "cross bar." As Pitman held the handle bars one of his arms was on each side of the plaintiff. The plaintiff testified that he "was pretty well sewed in there" between Pitman's arms. The course of the bicycle was down what appears to have been

a fairly steep grade on Highland Avenue toward a right angle turn at South Central Avenue, where the bicycle collided with an automobile driven by the defendant. The speed of the bicycle was estimated by witnesses for the plaintiff at five or six miles an hour. There was evidence that the pavement was damp.

1. There was evidence of the defendant's negligence in turning to his left side of the way (G. L. [Ter. Ed.] c. 89, § 1) and in approaching a "blind" intersection at a speed greater than that permitted by G. L. (Ter. Ed.) c. 90, § 17. We do not understand that the defendant makes any contention to the contrary.

2. Nor does the defendant contend that as matter of law the plaintiff was guilty of contributory negligence. This is apparently a concession to our decision in *Hamel* v. *Sweatt*, 256 Mass. 581, where similar conduct on the part of a thirteen year old child was held not negligent as matter of law.

3. Nevertheless, the defendant does contend that there was error in the refusal of his request to the effect that a thirteen year old boy of average intelligence and experience who "knowingly" rides on the "cross bar" as the plaintiff did "could not be riding in this manner without being conscious that he was interfering with the free operation of the bicycle and that he was engaged in a dangerous practice in so riding." It is difficult to see how any ruling of law is asked for in this request. What a thirteen year old boy would be conscious of under given circumstances, if material at all, would seem to depend upon inferences of fact to be drawn by the jury. *Castano* v. *Leone*, 278 Mass. 429, 430–431. *Gibbons* v. *Denoncourt*, 297 Mass. 448, 457. *Howard* v. *Malden Savings Bank*, 300 Mass. 208, 210. But if somehow a question of law lurks behind this request which is different from, and something less than, the question whether the plaintiff was guilty of contributory negligence as matter of law, any such question must of necessity relate only to a subsidiary matter, cannot be decisive of any issue in the case and could not become the foundation of a request which the judge was obliged to grant. *Barnes* v. *Berkshire Street Railway*, 281 Mass. 47, 50–53. *Tookmanian*

v. *Fanning*, 308 Mass. 162, 168. *Williamson* v. *Feinstein*, 311 Mass. 322, 324.

4. There was no error in admitting and in refusing to strike out the testimony of a boy named Moulton that when he first saw the defendant's automobile it was going at a speed of forty miles an hour. Although on cross-examination by the defendant he answered "yes" to a question designed to commit him to an estimate of speed made "in a flash," he also testified that he observed the automobile cover a distance that could be found to have been about sixty feet and then come to a stop, and that he had ridden in an automobile with his father and had made observations of speed. It could not have been ruled as matter of law that this witness had no opportunity whatever to form a judgment of speed. Compare *Koch* v. *Lynch*, 247 Mass. 459, 462; *Davidson* v. *Beacon Hill Taxi Service, Inc.* 278 Mass. 540.

5. At the hearing on the defendant's motions for new trial, one of the grounds of which was that the verdicts were against the weight of the evidence, the judge expressed in emphatic language his view that the plaintiff and his witnesses had committed perjury at the trial, adding, however, that aside from the testimony of the plaintiff and his witnesses there was evidence from the defendant himself on which the jury could find for the plaintiff. The judge reserved his decision on the motions and later denied them. The defendant now seizes upon the judge's remarks as to perjury as the basis of an argument that the judge abused his discretion in denying the motions. There are several answers to this argument. The best one is that the judge may well have recognized that the responsibility of determining the credibility of conflicting testimony lay primarily with the jury rather than with himself and upon reflection may have concluded that, whatever his own opinion might be, a belief by the jury in the plaintiff and his witnesses was not necessarily irrational or dishonest. *Reeve* v. *Dennett*, 137 Mass. 315, 318. *Fournier* v. *Holyoke Street Railway*, 258 Mass. 257, 262. It is seldom indeed that the action of a judge on a motion for new trial grounded

on the weight of evidence can be set aside. *Berggren* v. *Mutual Life Ins. Co.* 231 Mass. 173, 176. *Davis* v. *Boston Elevated Railway,* 235 Mass. 482, 502. *Murnane* v. *MacDonald,* 294 Mass. 372. *Goodyear Park Co.* v. *Holyoke,* 298 Mass. 510, 512. *Kinnear* v. *General Mills, Inc.* 308 Mass. 344, 348.

6. The defendant's exceptions to the refusal of the judge to rehear the defendant's motions for new trial, whether or not these exceptions were properly preserved, require no additional comment. *Commonwealth* v. *Ruisseau,* 140 Mass. 363. *Waucantuck Mills* v. *Magee Carpet Co.* 225 Mass. 31, 33. *Fine* v. *Commonwealth,* 312 Mass. 252, 257–258. Moreover, we construe the defendant's brief as waiving these exceptions.

*Exceptions overruled.*