ELLEN VERONICA SMITH, administratrix, *vs.* NEIBAUER
BUS COMPANY.

Suffolk. January 8, 1952. — April 9, 1952.

Present: QUA, C.J., LUMMUS, RONAN, WILKINS, & WILLIAMS, JJ.

*Evidence,* Of speed.

At the trial of an action arising from a collision of a motor bus and another motor vehicle at an intersection of streets in a city, there was no error in the circumstances in the admission of testimony by a witness that the speed of the bus was forty miles an hour while he watched it proceeding for a distance of one hundred eighty feet to the point where he last observed it some three hundred sixty feet from the place of collision.

TORT. Writ in the Superior Court dated May 14, 1947. The action was tried before *Collins*, J.

*M. T. Prendergast*, for the defendant.

*P. E. Troy (A. Brogna* with him,) for the plaintiff.

WILLIAMS, J. This is an action of tort to recover compensation for the conscious suffering and death of the plaintiff's intestate resulting from injuries received in a collision of two motor vehicles in Copley Square, Boston, on September 3, 1946.[1] There were verdicts for the plaintiff on the counts both for conscious suffering and for death. The defendant's exceptions which are before us relate only to matters of evidence.

A truck of the Boston Elevated Railway, in which the decedent was riding, collided with a bus of the defendant at about 7:15 A.M. in that part of Copley Square where Huntington Avenue and Dartmouth Street intersect. The truck, which was proceeding easterly on Huntington Avenue, entered the intersection from the west and the bus, which was proceeding northerly on Dartmouth Street, entered from the south. The southwesterly corner of the intersection was obstructed by a building described in the record as the S. S. Pierce Building. The evidence relating to the movements of the two vehicles immediately preceding the collision need not be recited as we are concerned only with testimony relating to the speed of the bus in approaching the intersection. Dartmouth Street runs northerly and substantially in a straight line from Columbus Avenue to and through Copley Square. In its course it crosses a bridge over the Boston and Albany Railroad tracks, the northerly bound of the bridge being five hundred twenty feet from the square. Thereafter it traverses Stuart Street, a street forty feet wide, the northerly boundary of which is three hundred forty feet from the square. From Stuart Street to Copley Square, Dartmouth Street is substantially forty-eight feet in width.

---

[1] This action was brought under G. L. (Ter. Ed.) c. 229, § 5, as amended. See now G. L. (Ter. Ed.) c. 229, § 2, as appearing in St. 1949, c. 427, § 2.

The defendant's exceptions are to the admission of testimony as to the speed of the bus while proceeding a distance of one hundred eighty feet from the bridge to the northerly side of Stuart Street. One Chamberlain, a garage employee, called as a witness by the plaintiff, testified that he came up the stairs from the Trinity Place station to a platform adjacent to the easterly sidewalk of Dartmouth Street near the northerly boundary of the bridge; that on reaching the sidewalk he took three or four steps to his right toward Stuart Street; that he saw the bus when it was about opposite to him coming from the direction of Columbus Avenue and going toward Copley Square; that he watched the bus "until it crossed Stuart Street"; and that he formed an opinion "as to how fast it was going." He then testified, subject to the defendant's exception, that it was "doing forty miles an hour or more." He also testified that his attention was next attracted to the bus when he heard a crash; that he looked up and saw the Elevated truck "just settling down on its right side"; that he had just reached the driveway into Trinity Court Hotel; and that he was walking at his average speed of around three and one half miles per hour. He stated that the distance he walked "would be, at most, fifty feet."

It is contended by the defendant that the testimony as to the speed of the bus was inadmissible because the witness did not have sufficient opportunity to observe its speed, and that at the time he observed it the bus was too far from the scene of the accident for its speed to be material. The exception cannot be sustained because of lack of opportunity to observe. The witness's view of the bus was more than a quick glance. He followed with his eyes the course of the bus for a distance of one hundred eighty feet to the northerly side of Stuart Street, and there is nothing in the record to indicate any other traffic on the street to obscure his observation. *Logan* v. *Goward,* 313 Mass. 48, 51. Compare *Koch* v. *Lynch,* 247 Mass. 459, 462; *Davidson* v. *Beacon Hill Taxi Service, Inc.* 278 Mass. 540.

The exception further raises the question whether the dis-

puted evidence could provide a basis for an inference that the observed speed continued to such time and place that it had a causal relation to the collision. Whether the existence of a certain speed at one time and place is sufficient to warrant an inference that it continued to another time and place depends upon the chances that intervening circumstances have occurred to affect the continuity of speed. See Wigmore on Evidence (3d ed.) § 437. It was said in *Stone* v. *Hubbardston,* 100 Mass. 49, 55–56, "One mode of proving that a traveller was driving at an unusual, improper and unsafe rate of speed is by witnesses who saw him at or near the time and place in question. . . . But to limit such testimony to witnesses who were looking at the driver at the very moment and spot of the accident would render it practically unavailable." "The distance of time and place in relation to which such evidence shall be admitted must to a considerable degree be left to the discretion of the judge presiding at the trial." In *Vieira* v. *East Taunton Street Railway,* 320 Mass. 547, where it was held that evidence of the speed of a motor vehicle one eighth to one fourth of a mile back from the place of the accident was admissible, there was also evidence that such speed continued to a point "too near" to the place of the accident. Similarly, in *Reardon* v. *Marston,* 310 Mass. 461, 464, where evidence that the position of the automobile in the road eighty feet from the place of collision was held admissible, there was further evidence that such position was maintained until the time of the collision. In *Commonwealth* v. *Leone,* 250 Mass. 512, a pedestrian was struck by an automobile in a square in the city of Lawrence and evidence of the speed of that automobile and the conduct of its driver in passing a street car four hundred to five hundred feet from the place of the accident was held admissible. In that case, although there was no evidence of continuing speed, it was said that the testimony had "a legitimate, relevant bearing upon the speed of the automobile when it entered the square." In other jurisdictions it is generally held that the admissibility of evidence of the speed of a vehicle at the place distant from the immediate scene of an accident

depends generally on the discretion of the trial judge. *Town-send* v. *Adair*, 223 Ala. 150, 152. *Ackel* v. *American Creamery Co.* 12 Cal. App. (2d) 672, 674. *Traynor* v. *McGilvray*, 54 Cal. App. 31, 34. *Wigginton's Administrator* v. *Rickert*, 186 Ky. 650, 653. *Spencer* v. *Johnson*, 203 Minn. 402, 408. *Schwarting* v. *Ogram*, 123 Neb. 76. *Gerhart* v. *East Coast Coach Co.* 310 Pa. 535, 538. *Husby* v. *Fiorata Brothers*, 162 Wash. 135. In the instant case, the testimony of Chamberlain tended to prove that the bus without slowing down continued at a speed of forty miles per hour for a distance of one hundred eighty feet and while proceeding at that speed crossed the Stuart Street intersection. When last observed it was three hundred forty feet from the square and some three hundred sixty feet from the place at which the evidence showed the collision occurred. It was then being operated along a straight, broad road free from intersecting streets with no suggestion of other traffic. In our opinion the chance of intervening circumstances affecting its speed before reaching the square is not sufficiently strong to require the exclusion of the questioned testimony. We think that there was no error in its admission.

*Exceptions overruled.*