EDWARD A. LAMOINE & another *vs.* J. J. DOYLE Co. & another. January 29, 1959. Interlocutory decree affirmed. Final decree affirmed with costs of the appeal to the plaintiffs. These are appeals from an interlocutory decree confirming the master's report and from a final decree granting an injunction against the continuance of a nuisance and awarding damages. The plaintiffs are the owners and occupants of realty on Main Street, Holden; the defendants are the owner and the operator of an asphalt plant on adjacent property. The plant manufactures a paving compound known as "black top" or "hot top." In its operation, quantities of stone dust, a necessary ingredient of the compound, are emitted, borne by the prevailing winds, and deposited upon the plaintiffs' premises, covering their grounds, penetrating the interior of their residences and coating their furnishings with the dust. The plaintiffs' property had been used in part for residences for many years prior to the establishment of the asphalt plant. The record shows an unreasonable interference with the plaintiffs' use and enjoyment of their property and the final decree was correct in finding that the defendants' conduct constituted a nuisance. *Boston Ferrule Co.* v. *Hills*, 159 Mass. 147. *Stevens* v. *Rockport Granite Co.* 216 Mass. 436. *Stevens* v. *Dedham*, 238 Mass. 487. *Hakkila* v. *Old Colony Broken Stone & Concrete Co.* 264 Mass. 447. *Shea* v. *National Ice Cream Co. Inc.* 280 Mass. 206. *De Blois* v. *Bowers*, 44 F. 2d 621. The final decree, which awarded damages up to May 1, 1957, the date of the commencement of hearings before the master upon recommittal, was proper in the absence of any demand by the plaintiffs for damages for a subsequent or further period. *Collins* v. *Snow*, 218 Mass. 542, 545. *Hakkila* v. *Old Colony Broken Stone & Concrete Co.* 264 Mass. 447, 450, 453.

*Joseph A. McVeigh*, (*Bernard Helman* with him,) for the defendants.

*Charles W. Proctor*, for the plaintiffs.

BARBARA GILES & another *vs.* ESTHER BARBOSA (and three companion cases). January 29, 1959. Exceptions overruled. These are actions of tort arising out of a collision of automobiles at the intersection of public highways. The only exception is to permitting the defendant to give her opinion as to the speed of the oncoming automobile as it approached the point of the collision. The evidence was competent. *Johnston* v. *Bay State St. Ry.* 222 Mass. 583, 585–586. *Mahoney* v. *Gooch*, 246 Mass. 567, 569. *Gould* v. *Boston & Maine R.R.* 282 Mass. 160, 167. *Logan* v. *Goward*, 313 Mass. 48, 51. *Campbell* v. *Ashler*, 320 Mass. 475, 477.

*Ben D. Lewis*, for the plaintiffs.

*William J. Fenton*, for the defendant, submitted a brief.