LAWRENCE SNOW & another *vs.* FRANK SULKOSKI & another (and three companion cases[1]). December 19, 1962. Exceptions overruled. Subject to the defendants' exception the judge permitted an eyewitness to testify that the vehicle of the defendant Malvina Sulkoski, while backing up eight to ten feet, was moving at a speed of ten to fifteen miles an hour. There was no error. It was for the judge to determine, as a preliminary matter, the capacity and opportunity of the witness to make the observation, and for the jury to weigh it if admitted. *Davidson* v. *Beacon Hill Taxi Serv. Inc.* 278 Mass. 540, 541–542. *Logan* v. *Goward,* 313 Mass. 48, 51. *Giles* v. *Barbosa,* 338 Mass. 793, and cases cited. The exception is frivolous. Double costs are to be paid by the defendants. G. L. c. 211, § 10.

*Nicholas Altomare,* for the defendants, submitted a brief.

*Lawrence A. Sullivan* for the plaintiffs Lawrence Snow & another.

RUSSELL E. MORRELL & another *vs.* WHITE CITY APARTMENTS, INC. (and a companion case[2]). December 21, 1962. Order of Appellate Division affirmed. These two actions before us on a consolidated report are for damage to property resulting from a fire (near an incinerator chimney) in an apartment house in which the plaintiffs were tenants. The trial judge in the Municipal Court of the City of Boston denied the defendant's request for a ruling that "[t]here was no evidence of any negligence . . . of the defendant which . . . contributed to the damage." The Appellate Division correctly took the view, for reasons stated in its opinion, that there was no such evidence. The district fire chief testified in substance that he was not able to "observe anything that might cause excessive heat, or any defect in the incinerator or chimney which would indicate that they were improperly maintained or used." This is not a case in which negligence could have been inferred from the circumstances.

*Arnold L. Slavet & James H. Griffin* for the plaintiffs.

*S. Myron Klarfeld* for the defendant.