Paula T. HORNE and Edgar S. Horne,
Appellants,

v.

George W. ADAMS and H. L. Rust Company,
a corporation, Appellees.

No. 3771.

District of Columbia Court of Appeals.

Argued Jan. 14, 1966.

Decided April 15, 1966.

Saul M. Schwartzbach, Washington, D. C., for appellants.

Francis J. Ford, Washington, D. C., for appellees.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

QUINN, Associate Judge.

Appellants were tenants in an apartment building owned and managed by appellees Adams and H. L. Rust Company respectively. On the evening of July 29, 1961, Mrs. Horne and a visiting neighbor smelled smoke in the hallway outside her third-floor apartment. After calling the fire department they started to leave the building. While descending the stairs from the third to the second floor, Mrs. Horne, who was carrying her infant daughter, fell and injured herself. She and her husband subsequently instituted this action against appellees for personal injuries arising out of the fall, for medical expenses and for loss of consortium.

In their complaint appellants alleged that appellees' negligence caused an incinerator fire with a consequent outpouring of smoke which obscured Mrs. Horne's vision, causing her to fall during her attempt to escape

from the building. The pretrial proceedings established, however, that appellants alleged that appellees were negligent not only in the maintenance of an improper, inadequate and/or defective incinerator but also in allowing the stairway to become covered with water due to an open or defective skylight. At the conclusion of the presentation of appellants' case before a jury, appellees moved for a directed verdict. Thereupon, the following colloquy took place between the trial judge and counsel for appellants:

"THE COURT: * * * I will grant the motion with reference to the incinerator—as far as a defect in the incinerator is concerned.

"I am going to reserve a ruling on the issue of negligence, or contributory negligence, on the water situation.

\* \* \* \* \* \*

"MR. SCHWARTZBACH: Your Honor, insofar as the Housing Regulations are concerned and proper care and maintenance of the incinerator, you don't feel that we have sufficient evidence here?

"THE COURT: I really don't.

"MR. SCHWARTZBACH: Well, then, I would prefer Your Honor to direct a verdict as to the whole case at this time.

"I would prefer to go to the Court of Appeals at this posture than on separate points.

"THE COURT: I will do that, then, because I don't believe there is any evidence on that point here.

"MR. SCHWARTZBACH: All right."

Appellants having invited the court to direct a verdict against them on the issue of the condition of the skylight, the only question properly before us, and so conceded by appellants' counsel at oral argument, is whether the trial court erred in its determination that there was insufficient evidence of negligence involving the incinerator to go to the jury.

■ Without question, the burden of proving appellees' alleged negligence was upon appellants. They did not, nor could they, rely on the doctrine of *res ipsa loquitur* to meet this burden as the incinerator was not in appellees' exclusive control. Thus it was incumbent on appellants to come forward with some evidence that the smoke emanating from the incinerator was the result of some negligent act or omission for which appellees were responsible. Appellants' only showing on the issue was that smoke had escaped from the incinerator on July 29, 1961, and on prior occasions; but they did not show what had caused the smoke. It is true that it could have been due to a defective or inadequate incinerator but it also could have resulted from a tenant's misuse of the incinerator or from a number of other causes for which appellees could not be held responsible. "Proof of the mere happening of an accident does not permit an inference of negligence * * *." Winthrop v. 1600 16th Street Corporation, D.C.App., 208 A.2d 624, 626 (1965). The trial court was correct in not allowing the jury to speculate that Mrs. Horne's fall was attributable to appellees' negligence, without some competent evidence pointing toward that conclusion. MacMaugh v. Baldwin, 99 U.S.App.D.C. 247, 239 F.2d 67 (1956); Brown v. Capital Transit Co., 75 U.S.App.D.C. 337, 127 F.2d 329, cert. denied 317 U.S. 632, 63 S.Ct. 61, 87 L.Ed. 510 (1942); MacLachlan v. Perry, 63 App.D.C. 24, 68 F.2d 769 (1934); Lewis v. Firestone, D.C.Mun.App., 130 A.2d 317 (1957); Morrell v. White City Apartments, Inc., 345 Mass. 766, 186 N.E.2d 817 (1962); Lipsitz v. Schechter, 1 Mich.App. 137, 134 N.W.2d 849 (1965).

■ Appellants contend that the exclusion of certain Housing Regulations which they proffered was reversible error. It is true that the breach of a duty owed by a landlord under a regulation is some evi-

dence of negligence. Appellants, however, failed to show the breach of any relevant duties imposed by the regulations. Their admission into evidence thus could not have helped appellants' case. See Klein v. Price, 118 U.S.App.D.C. 54, 331 F.2d 800 (1964).

Affirmed.