Umana, J.
This is an action of tort brought pursuant to M.G.L.c. 84, § 15[1] in which the plaintiff seeks to recover for injuries received as a result of a fall over an iron bar imbedded in the concrete of a traffic island on Columbus Avenue, Boston, at Roxbury Crossing.
The plaintiff testified that she was “hurrying”[2] across Columbus Avenue on a green light when she tripped over an iron bar, about three and one-half feet long, imbedded in the traffic island. There was some testimony that the iron bar was several feet outside the boundaries of the crosswalk, and that it was not obstructed by vegetation or debris. There was conflicting testimony as to whether the crosswalk intersected the traffic island. The only documentary evidence on the issue of public way was an exhibit comprising a letter from the City of Boston Public Works Commissioner to counsel for plaintiff that “repair to all traffic islands and street signs comes under the jurisdiction of the Traffic and Parking Department.. .City Hall, Boston.” The letter makes no direct reference to the traffic island in question.
Entered into evidence was the following interrogatory by the plaintiff and answer by the defendant.
7.(a) Is the traffic island in the plaintiffs complaint regularly or otherwise patrolled or supervised by the defendant, its officers, agents, servants or police officers? If so, specify.
(b) If your answer to (a) is in the affirmative, specify in detail in what respect, when and how often such patrol and/or supervision occurred....
A.a) Police officers regularly patrol the area.
(b) Such patrols are daily ....
At the close of the trial the defendant made the following requests pertinent to the issues involved in this appellate opinion:
“4. Upon all the evidence, a finding that the defect was the sole cause of the injury is not warranted.”
The trial justice ruled: “Denied, I find that the defect was the sole cause.”
“5. There is no evidence that the spot where the alleged accident occurred was at the time and issue [sic] upon a “way” within the meaning of G.L.c. 84, §15.”
The trial justice ruled: “Denied. There was evidence that the Traffic and Parking *38 Department of the City of Boston was responsible for the maintenance of the traffic island. (Exhibit 9).”[3]
“6. The plaintiff has the burden of proving that the area containing the alleged defect was a public way, and upon all the evidence has not met this burden.”
The trial justice ruled: ‘ ‘Denied, and I find that the plaintiff has through the testimony that the pedestrian crosswalk intersected the traffic island and through Exhibit 9[4] has established that the public had the right of access to this traffic island and that this traffic island constitutes a ‘way’ within M.G.L.c. 84, §15.”
With respect to the trial justice’s denial of defendant’s request numbered 4, the issue presented here is whether he was warranted in making a finding that the defect in the traffic island was the sole cause of the plaintiff’s injury. The only valid argument which the defendant poses against the trial judge being warranted in so finding is that the plaintiff “hurried” to cross the street; that there was a green light; and the iron bar should have been observed by the plaintiff.
The mere knowledge of a defect does not require a ruling that the plaintiff was contributorily negligent. Beckwith v. Town of Boylston, 284 Mass. 297(1933); Elwell v. Town of Athol, 325 Mass. 51 (1949). Thus, the fact that the iron bar was observable does not constitute contributory negligence as a matter of law. Keith v. Worcester and B. U. St. Ry. Co., 196 Mass. 478(1907).
There is no evidence that the plaintiff in hurrying to cross the street increased the risk of harm to herself. It is equally consistent for the trial justice to have concluded that the plaintiff acted with greater concern for her safety by hurrying across a Boston thoroughfare. And the fact that there was a green light is a neutral fact since the report does not indicate what that light controlled, and the trial justice could have concluded that the plaintiff exercised due care by crossing with the green light. As to the iron bar, the trial justice could have found it was not an item expected to be found in the pathway of a pedestrian. Thus, the trial court’s finding that the defect was the sole cause of the injury was warranted. The issue embodied in request numbered 4 is not whether the judge was compelled to make that finding, but where there was enough evidence to warrant him in making such a finding. This appellate division determines there is enough evidence in the draft report to warrant him in making such a finding.' The findings of fact by the trial justice cannot be disturbed by the Appellate Division where such findings are supported by any reasonable view of the evidence or rational inferences of which they are susceptible. Heil v. McCann, 300 Mass. 507, 571 (1971); Stella v. Curtis, 348 Mass. 458, 467, (1965).
Request numbered 5 raises the question whether there was any evidence that the alleged accident occurred upon a “way” within the meaning of G.L.c. 84, §15. It must be noted that this section does not use the term ‘ ‘public way’ ’ for purposes of recovery forinjuiy, but instead uses the words: “If a person sustains bodily injury .. .by reason of adefect.. .in or upon away [emphasis added].. .he may recover damages.’’G.L.c.90, §1 defines “way” as any “Way . . .dedicated to public use, or way under the control of the park commissioners, or body having like powers.”
The request.by the defendant clearly suggests that there is no Lemphasis added] evidence that the spot where the accident occurred was upon a “way” within the meaning of G.L.c. 84, §15. The definition of a “way” as offered in G.L.c.90, §1 requires proof that the traffic island in question was a way dedicated to public use in order to properly deny this request. Since it was admitted by the City of Boston in interrogatory No. 7 that its agents regularly patrol the traffic island, the trial justice’s *39 denial of this request was correct in that there was some [emphasis added] evidence that the spot where the accident occurred was a “way” within the meaning of G.L.c. 84, §15.
In view of the proper denial by the trial justice of the above request, this appellate division need not go into the question as to whether the specific reason he gave for the denial was correct. Thus, it is deemed not necessary to deal with any legal problem engendered by Exhibit No. 9 wherein the Public Works Commissioner of the City of Boston states that repair to all traffic islands comes under the jurisdiction of the Traffic and Parking Department at City Hall.[5] It suffices if the trial justice correctly denies a request. A request for a ruling of law submitted by a party must be the correct law. Snyder v. Rosen, 342 Mass. 116 (1961. The request numbered 5 for a ruling of law by the defendant in this case was not a statement of the correct law, and, thus, a denial of that request by the trial justice was correct.
Request numbered 6 by the defendant was also properly denied by the trial justice. This appellate division interprets the defendant’s request as meaning that the plaintiff has the burden of proving that the area containing the alleged defect was a public way by a preponderance of the evidence, which is the standard of proof in civil cases. The request as posed by the defendant is in reality two differenct requests and in effect requires the trial justice to give one answer to both requests because they are stated in the conjunctive. The request states: “The plaintiff has the burden of proving that the area.. .was a public way and [emphasis added] upon all the evidence has not met this burden. ’ ’ Such a request that the trial justice either allow or deny it places that justice in an impossible position if he agrees with the first half of the request but disagrees with the second half of it. By the denial of the whole request, and giving the reasons for such denial, the trial justice has indicated that he did not disagree that the plaintiff has this burden of proving public way, but that he has also found that the plaintiff has met that burden.
A trial justice is not bound to correct or perfect a request, and he may deal with it as presented. Liberatore v. Framingham, 315 Mass. 538 (1944); Butler v. Cromartie, 339 Mass. 4 (1959); Tolpi v. Cambridge Motor Inn, Mass. App. Dec. Adv. Sh. (1979) 306, 310.
There are two methods by which public way can be proved. One method is by offering official certificates of the Clerk of the City of Boston as provided in M.G.L.c. 233, §79F. Another method for such proof as provided for in that section is the use of testimonial evidence as to the appearance of the way. Commonwealth v. Harris, 257 Mass. 434, 435 (1926); Commonwealth v. Mara, 257 Mass. 198, 209 (1926). M.G.L.c. 90, §1 also adds that a “way” is any way dedicated to public use.
Assuming that Exhibit 9 to which the trial justice referred in his denial as part of the evidence to prove public way was subject to hearsay problems, there is other evidence which enabled him to find that the area was a public way. In his answer to Request numbered 6, the justice refers to the Exhibit 9, but also adds there was other testimony to show this area was a “way” within the statutory meaning.[6]
The question thus arises as to whether the justice as trier of fact was warranted in finding that the plaintiff has sustained the burden on this issue by a preponderance of the evidence. There was evidence that a traffic light (a green light) was situated on the street where plaintiff crossed, that the crosswalk intersected the traffic island, that the police of *40 the defendant city regularly patrol that area, and that such patrols are daily. In addition, Exhibit No. 9 was introduced by the plaintiff without objection on the part of the defendant. There is nothing in the report to show any [emphasis added] evidence introduced by the defendant to rebut that of the plaintiff on the issue of public way. It would, thus, appear that the trial justice was warranted in finding that the plaintiff has met the burden of showing “public way” by a preponderance of evidence.
The city’s attempt to use an unduly restrictive definition of public way and a technical escape hatch as to the meaning of “public way” in order to avoid liability under M.G.L.c. 84, §15, ignores the logical inferences which the trial justice was warranted in making on the basis of the evidence presented to him. This Appellate Division finds that Request No. 6 was properly denied.

Report dismissed.

 M.G.L.c. 84, §15: “If a person sustains bodily injury .. .by reason ofa defect or a want of sufficient railing in or upon a way.. .he may recover damages....”

 Quote is taken from the Report.

 See reference to letter above from Public Works Commission that “repair to all traffic islands and street signs comes under the jurisdiction of the Traffic and Parking Department.. .City Hall.. .Boston.”

 Exhibit 9 is letter in above footnote.

 There is nothing in the recoid to indicate that the defendant made any objection to the introduction of Exhibit No. 9 on the possible grounds that statements by the Public Works Commissioner that the repairs to all traffic islands came under the jurisdiction of any other agency of the City of Boston were inadmissible. Thus, these statements were accepted in evidence.

 The ruling by the trial justice on Request No. 6 reads: “Denied, and (emphasis added JI find that the plaintiff has through the testimony that the pedestrian crosswalk intersected the traffic island and through Exhibit No. 9, has established that the public had the right of access to this traffic island and | emphasis addedI that this island constitutes a way within the meaning of G.L.c. 24, §15."