The defendant, Paul F. Almeida, appeals after his conviction of reckless operation of a motor vehicle, G. L. c. 90, § 24(2)(a ). Concluding that the evidence was sufficient and that there was no error in the jury instructions in this domestic violence-related case, we affirm.
1. Sufficiency. When reviewing the denial of a motion for a required finding of not guilty, "we consider the evidence introduced at trial in the light most favorable to the Commonwealth, and determine whether a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Commonwealth v. Oberle, 476 Mass. 539, 547 (2017). "The inferences that support a conviction 'need only be reasonable and possible; [they] need not be necessary or inescapable.' " Commonwealth v. Waller, 90 Mass. App. Ct. 295, 303 (2016), quoting from Commonwealth v. Woods, 466 Mass. 707, 713 (2014). To obtain a conviction of reckless operation of a motor vehicle pursuant to G. L. c. 90, § 24(2)(a ), the Commonwealth must prove that the defendant (1) operated a motor vehicle (2) upon a public way (3) recklessly so that the lives or safety of the public might be endangered. See Commonwealth v. Jewett, 471 Mass. 624, 630 (2015) ; Commonwealth v. Duffy, 62 Mass. App. Ct. 921, 921 (2004).
Here, the evidence established that the defendant drove a motor vehicle in pursuit of another motor vehicle, driven by his girl friend, for nine to fifteen minutes through the streets of Taunton. During this time, he was "all over the road." At one point, the defendant pulled into the wrong side of the road and attempted to swerve into his girl friend's motor vehicle. At another point, the defendant's car "slam[med] into the back of her car." Later, he pulled it front of the girl friend's motor vehicle and then "jam[med] on his brakes," causing the girl friend's motor vehicle to collide with the defendant's motor vehicle. This evidence was sufficient to demonstrate reckless operation. See Commonwealth v. Guaman, 90 Mass. App. Ct. 36, 41 (2016) (continuing to drive after hitting motorcycle). Cf. Commonwealth v. Charland, 338 Mass. 742, 743-744 (1959) (head-on collision after defendant was traveling wrong way on rotary traffic circle constituted negligent operation). We must decline the defendant's invitation to find that the civilian witnesses for the Commonwealth "lacked credibility," as "questions of credibility belong properly to the finder of fact, and, in considering whether the evidence is sufficient to support a conviction, should be resolved in favor of the Commonwealth." Commonwealth v. Martin, 467 Mass. 291, 315 (2014) (citations omitted).
2. Bowden instruction.[2] " 'Bowden's only requirement' is that 'the judge ... not remove the inadequacy of the police investigation from consideration by the jury.' " Commonwealth v. Avila, 454 Mass. 744, 767 (2009), quoting from Commonwealth v. Williams, 439 Mass. 678, 687 (2003). Accordingly, "a judge is not required to instruct on the claimed inadequacy of a police investigation." Commonwealth v. Doyle, 83 Mass. App. Ct. 384, 392 (2013), quoting from Commonwealth v. Boateng, 438 Mass. 498, 507 (2003). Accordingly, the trial judge acted within her discretion in declining to give a Bowden instruction.
Judgment affirmed.

See Commonwealth v. Bowden, 379 Mass. 472, 485-486 (1980).