CORNELIUS RYAN & wife *vs.* CITY OF BOSTON.

Suffolk.   March 10, 11. — Sept. 4, 1875.   AMES & ENDICOTT, JJ., absent.

On the trial of a petition against a city to recover damages to the petitioner's estate occasioned by raising the grade of a street under an order of the mayor and aldermen of the city, whereby access to the rear of the estate was destroyed and the basement of the building rendered uninhabitable, it appeared that the street, which had previously been a private court owned by the abutters thereon, had been, with other land then taken, laid out as a public street by a previous order of the mayor and aldermen, and that the passage-way of the petitioner had ascended into this court by three steps extending into the sidewalk of the court as it then existed. *Held,* that the judge who presided at the trial rightly ruled that the legal right to maintain the steps so far as they extended into the sidewalk ceased when the first order was passed, and the fact that the parts of them so extending had been closed

up in raising the grade under the subsequent order did not constitute an element of damage under this petition.

Irregularities in laying out a street under an order of the board of mayor and aldermen of a city, do not affect the claim under a petition for damages occasioned by raising the grade of the street in accordance with a subsequent order of the same board.

' n a petition to the Superior Court for a jury to assess the damages to the petitioner's estate by raising the grade of a street in Boston, under an order of the mayor and aldermen, it appeared that no adjudication had ever been made of the benefits to the petitioner's estate. The judge ruled that the benefit to the estate might be set off against the damages sustained by him. *Held,* that if the proceeding was under the Gen. Sts. *c.* 44, and not under the betterment acts, the ruling was correct, and that it was to be presumed that the judge had found as a fact that the proceeding was under the Gen. Sts. *c.* 44.

PETITION to the Superior Court for a jury to assess damages occasioned by the raising the grade of Ontario Street in Boston. Trial in the Superior Court, before *Pitman,* J., who, after a verdict for the respondent, allowed a bill of exceptions, the substance of which appears in the opinion.

*M. O'Connell,* for the petitioners.

*C. F. Kittredge,* for the respondent.

DEVENS, J. The injury alleged to have been done to the estate of the petitioners was by raising the grade of Ontario Street, by which access to the rear of the estate was destroyed, and the basement of the building rendered uninhabitable. The grade was thus raised in the execution of an order of the mayor and aldermen of June 11, 1872.

At the trial it appeared that Ontario Street, which had previously been a private court, owned by the abutters thereon, had been, with other land then taken, laid out as a public street of Boston by an order of the mayor and aldermen of October 11, 1869. Into this court the passage-way of the petitioners ascended by three steps which extended twenty-eight inches into the sidewalk of the court as it then existed. From the time when Ontario Street was thus laid out by the mayor and aldermen, the space so occupied formed a portion of a public street, and however valuable the right to use this space was as an easement to the petitioners' estate, it was a use inconsistent with the public occupation of the street. It was correctly ruled at the trial therefore that the closing up or covering the steps so far as they extended into the sidewalk did not constitute an element of dam·

age under the present petition, as the legal right to maintain them ceased when the order of October 11, 1869, laying out the street and taking the land which they occupied was passed. When Ontario Street was laid out, the petitioners were then entitled to damages not only for any of their land taken, but for damages by such taking to the land or buildings adjoining, and for such changes in the surface of that which was taken as must necessarily have been contemplated by the construction there of a public street, which would have included all that they suffered by closing these steps so far as they projected into it.

Whether there were any irregularities in the laying out of the street in October, 1869, as argued by the petitioners, cannot affect their claim under a petition which seeks damages only by reason of the change in grade made under the order of June, 1872.

The judge who presided at the trial ruled that the benefit to the petitioners' estate, in consequence of changing the grade, might be set off against the damages claimed by them. This ruling was correct, unless the proceeding was one under the betterment acts. The general provisions of the Gen. Sts. *cc.* 43, 44, are not repealed by the betterment acts, and the mayor and aldermen might therefore proceed under either in raising the grade of Ontario Street. *Allen* v. *Charlestown*, 109 Mass. 243. *Green* v. *Fall River*, 113 Mass. 262. *Sexton* v. *North Bridgewater*, 116 Mass. 200. Nothing was shown indicating any intention to proceed under the betterment acts, and no betterments were assessed. It was for the Superior Court to decide under which statute the mayor and aldermen had proceeded ; and as the ruling there made was in accordance with what it should be if the proceeding was one under the general provisions of law, it must be presumed that this question of fact was there decided in a manner favorable to the support of the ruling there made. *Allen* v. *Charlestown*, above cited.       *Exceptions overruled.*