MARY E. MURPHY *vs.* CITY OF BOSTON

Suffolk.   March 15. — June 23, 1876.   AMES & MORTON, JJ., absent.

Under the St. of 1870, c. 337, § 2, the board of street commissioners has no author-ity to change the grade of an existing street; and a petition for a jury to assess damages, alleging that the damage was caused to the petitioner's estate by a change in the grade of an existing street made pursuant to an order of the street commissioners, cannot be maintained.

PETITION to the Superior Court for a jury to assess the dam-ages to the petitioner's estate on Silver Street in Boston.   The petition alleged that the city had "raised the grade" of said street, and that certain damages were caused thereby.

At the trial, before *Rockwell*, J., the petitioner offered to prove that Silver Street had been used by the public for foot passen-gers, and with horses and carriages, for over seventy years, or so long that the memory of man runs not to the contrary; and that in 1874 the grade of the street was raised one foot, in pursuance of a resolve and order of the board of street commissioners, a copy whereof is in the margin,* by the said city, which had previously made repairs thereon.

It was not contended by the petitioner that the street was ever formally accepted by the public authorities prior to the passage of said resolve and order; but the petitioner contended that the street had long been used by the public, and that the

* "In Board of Street Commissioners, May 23, 1874.   Resolved, That the safety and convenience of the inhabitants of the city require that Silver Street should be laid out from D to E Street, and that the grade thereof should be established; and for that purpose it is necessary to take and lay out as a public street or way of the said city, a parcel of land belonging to the city of Boston and others, bounded as follows. [Then followed a description of the land taken.]

"And whereas due notice has been given of the intention of this board to take the said parcel of land for the purpose aforesaid, as appears by the return hereunto annexed, it is therefore ordered, that the parcel of land before de-scribed be and the same hereby is taken and laid out as a public street or way of the said city, and the grade of the same is established, according to a plan of the said laying out and profile of the grade made by T. W. Davis, City Surveyor, dated April 16, 1872, and deposited in his office.   And this board doth adjudge that the expense of laying out and establishing the grade of the said Silver Street, as aforesaid, will amount to nothing."

action of the city in laying out the street, by the above resolve and order, and establishing the grade and filling up the street, was a repair or change of grade; and that, as the petitioner was injured thereby, she might recover.

The respondent contended that the work of raising the street was not a repair or change of grade for which the petitioner could recover in this proceeding; and the judge so ruled, and, by consent of both parties, reported the case, before verdict, for the determination of this court. If the ruling was correct, judgment was to be entered for the respondent; otherwise, the case to stand for trial.

*S. B. Allen*, for the petitioner.

*C. F. Kittredge*, for the respondent.

COLT, J. The street commissioners, by an order of the board, laid out or attempted to lay out and fix the grade of Silver Street. The petitioner claims, in her petition, damages for the change of grade only, alleging that the order was only effectual to change the grade of an existing way, which, though not shown by the record to have been laid out or accepted by the public authorities, had nevertheless been used by the public from time immemorial, and had become a public highway within the meaning of the statute. *Jennings* v. *Tisbury*, 5 Gray, 73.

The street commissioners of Boston have all the powers formerly exercised by the board of aldermen in the "laying out, altering or discontinuing the streets and ways of said city." St. 1870, c. 337, § 2. They may, under these powers, doubtless make changes in the surface required by the proper original construction of a street laid out by them, for which a landowner may have compensation in the damages awarded for the taking. *Snow* v. *Provincetown*, 109 Mass. 123. But the commissioners have no authority to change the grade or make repairs upon a street already existing; and if it be true that Silver Street was a public way at the time of the order in question, then the action of the commissioners was of no effect, and the city cannot be made responsible for any unauthorized change of grade which followed upon the facts here presented.

If, on the other hand, Silver Street was in fact first laid out and established by that order, then the petitioner's remedy is by application for an assessment of damages occasioned by the lay-

ing out of a street, which will include damages for a change of surface caused by its original construction. Gen. Sts. *c.* 43. *Hartshorn* v. *Worcester*, 113 Mass. 111. *Ryan* v. *Boston*, 118 Mass. 248. *Barker* v. *Taunton*, 119 Mass. 392. *Geraghty* v. *Boston, ante,* 416.                    *Judgment for the respondent.*