COMMONWEALTH *vs.* WILLIAM COUPE.

Bristol. Oct. 28, 1879. — Jan. 9, 1880. COLT & AMES, JJ., absent.

The provisions of the St. of 1846, c. 203, reënacted in the Gen. Sts. c. 43, § 82, concerning the dedication of ways, do not apply to ways established by prescription.

At the trial of an indictment charging the defendant with erecting and maintaining a fence within the limits of a highway, witnesses over seventy years of age testified that the travelled track used by the public for more than fifty years, prior to 1878, and as long as they could remember, extended over the land enclosed by the defendant; and that a stone wall, which stood on a curved line where the corner of the highway intersected another road, and which was claimed by the government to be the boundary of the highway, about two feet distant from the travelled track, had been there for the same period, and until taken down by the defendant before he built the fence. *Held,* that this evidence was competent, and would justify the jury in finding a way by prescription, a portion of which the defendant had enclosed, and in returning a verdict of guilty.

ENDICOTT, J. The indictment charges the defendant with erecting and maintaining, on May 1, 1878, and on other days between that day and the day of the finding of the indictment, March 3, 1879, a fence within the limits of a highway in Attleborough. At the trial in September 1879, evidence was offered by the government that the corner of the highway, where it intersected another road, was a long curve, and that the defendant had built his fence with a square corner, thereby enclosing a portion of the highway, between the fence and the curved line which was claimed by the government to be the boundary of the highway. To prove that the parcel thus enclosed was part of the highway, the government, without offering any evidence that it had been laid out as a highway, was allowed to introduce witnesses, some of whom were over seventy years of age, who testified that the travelled track used by the public for more than fifty years, and as long as they could remember, extended over the land enclosed by the defendant; and also that a stone wall, which stood on the curved line about two feet distant from the travelled track, had been there for the same period, and until taken down by the defendant before he built the fence. There was nothing to show that this parcel had been dedicated to the public use by the owner of the land. The de-

fendant objected to the admission of this evidence, and also con-
tended that it was not sufficient to authorize a conviction.. But
the court ruled that it was competent and sufficient, and there-
upon the defendant submitted to a verdict of guilty on the first
count.

The ruling that the evidence was competent and sufficient,
made at that stage of the trial, must be taken to mean that the
jury would be justified in finding upon the evidence, and under
proper instructions, that the defendant had enclosed a portion of
the highway.   But, by the course of the defendant in submitting
to a verdict, it became unnecessary for the court to state upon
what ground the jury would be authorized to find it sufficient.
If, therefore, there is any view upon which the jury would be
justified, the exceptions must be overruled.   And we are of
opinion that, if the jury were satisfied that the parcel enclosed
had been used as part of the highway for more than fifty years,
and as long as witnesses over seventy years of age could remem-
ber, and that the stone wall had been the boundary of the
highway during that period, then they might find a way by
prescription, a portion of which the defendant had enclosed, and
therefore return a verdict of guilty.

The defendant contends that since the St. of 1846, c. 203,
public ways can only be established in the manner there pointed
out; and that highways by prescription and by dedication are
equally included within its terms.   And further, that it does not
appear from the evidence that this parcel had been used by the
public for twenty years before 1846, the testimony of witnesses
tending only to prove a use for fifty years prior to 1878.

That a highway may be proved by long and continued use
and enjoyment by the public, upon the ground that a conclusive
presumption arises from such use that it had been originally laid
out or established by competent authority, is well settled in this
Commonwealth.   *Commonwealth* v. *Newbury*, 2 Pick. 51.   *Com-
monwealth* v. *Low*, 3 Pick. 408.   *Reed* v. *Northfield*, 13 Pick. 94.
*Stedman* v. *Southbridge*, 17 Pick. 162.   *Sprague* v. *Waite*, 17
Pick. 309.   *Folger* v. *Worth*, 19 Pick. 108.   *Commonwealth* v.
*Belding*, 13 Met. 10, and cases cited.

It is also well established that, before 1846, a highway by
dedication could be created by the owner of the land dedicating

the particular parcel to the use of the public for the purposes of a highway, and the acceptance of the gift, or the acquiescence in such use by the city or town bound to keep it in repair; and that, where such dedication was made and accepted, the land became subject to the easement of a public way. No specific length of time was necessary; the acts of the parties to the dedication, when once established, completed it. Evidence of use by the public was not necessarily essential to its establishment, but was competent where the intent to dedicate was in dispute, and also as having some tendency to prove an acceptance on the part of the town. *Hobbs* v. *Lowell*, 19 Pick. 405. *Bowers* v. *Suffolk Manuf. Co.* 4 Cush. 332. *Hayden* v. *Stone*, 112 Mass. 346, and cases cited. Such was the law at the time of the passage of the St. of 1846, *c.* 203, which, as reënacted in the Gen. Sts. *c.* 43, § 82, is as follows: "No way opened and dedicated to public use, which has not become a public way, shall be chargeable upon a city or town as a highway or town way, unless the same is laid out and established by such city or town in the manner prescribed by the statutes of the Commonwealth."

Ways by prescription and ways by dedication rest upon entirely different principles. The first is established upon evidence of user by the public, adverse and continuous for a period of twenty years or more; from which use arises a presumption of a reservation or grant, and the acceptance thereof, or that it has been laid out by the proper authorities, of which no record exists. The second is created by the permission or gift of the owner, and, upon the acceptance of such gift by the public authorities, it becomes a way, and the owner cannot withdraw his dedication.

Nearly all the cases above cited, which held that a highway might be proved by prescription, arose prior to the St. of 1846, *c.* 203. In the first case, after the passage of that statute, in which this court was called upon to consider highways by prescription, in connection with highways by dedication, it was held that the St. of 1846 had no application to ways by prescription, but only to those established by dedication; and it was said by Chief Justice Shaw, in delivering the opinion, that "the object of the St. of 1846, *c.* 203, seems to have been to put an end to the establishment of any way by dedication in future, and to

prevent any road, before the passing of the statute opened and dedicated by the owners of the land to public use, from becoming a public highway, or rendering any town chargeable, unless it had already become a highway, by which we understand unless it had been so accepted, adopted and confirmed, either by general use by all travellers, or otherwise, as to make it an actual public way, according to the laws theretofore in force on that subject. From that time, public ways could only be established by being laid out in the manner prescribed by the statutes of the Commonwealth. But this leaves untouched the case of public ways by prescription." "To establish such a way, where there is no proof of dedication, and where the element of dedication does not subsist, it will be necessary to prove actual public use, general, uninterrupted, continued for a certain length of time. In general, it must be such as to warrant a presumption of laying out, dedication or appropriation, by parties having authority so to lay out, or a right so to appropriate, like that of prescription or non-appearing grant in case of individuals. It stands upon the same legal grounds, a presumption that whatever was necessary to give the act legal effect and operation was rightly done, though no other evidence of it can now be produced except the actual enjoyment of the benefits conferred by it." "If such evidence of the existence of a highway is proved, the court are of opinion that it will be sufficient, independently of any such supposed dedication, and that the St. of 1846, *c.* 203, will have no application to such a case." *Jennings* v. *Tisbury,* 5 Gray, 73. And in *Hayden* v. *Attleborough,* 7 Gray, 338, it was said by Mr. Justice Metcalf, that the St. of 1846 "was passed for the purpose of altering the law as it was held in *Hobbs* v. *Lowell,* 19 Pick. 405, and preventing, thenceforth, the establishment of ways by dedication of land therefor and the assent thereto by towns." "We therefore hold that, in St. 1846, *c.* 203, a 'way opened and dedicated' means a way over land dedicated by the owner thereof to the use of the public as a way."

So in *Commonwealth* v. *Old Colony & Fall River Railroad,* 14 Gray, 93, it was held that a highway might be proved by prescription even at or near a place where a particular way was shown by record to have been established, and no allusion is made to the St. of 1846. In *Taylor* v. *Boston Water Power Co.*

12 Gray, 415, the St. of 1846, *c.* 203 was considered, but the point decided was, that it had no application to the case of a way opened to the public and kept in repair by a private corporation, against which the plaintiff brought an action for injuries received from a defect therein. In *Holt* v. *Sargent*, 15 Gray, 97, it was held that proof of the use of a public way having been general, uninterrupted and continuous would warrant a jury in inferring that it had been laid out or appropriated to the public; citing as authority *Jennings* v. *Tisbury, ubi supra.*

In *Commonwealth* v. *Taunton*, 16 Gray, 228, there was evidence at the trial, in 1860, that the road had been used as a public way for more than thirty years for teams between Taunton and the neighboring towns. The presiding judge instructed the jury "that the evidence would warrant them in presuming, in the absence of all other evidence, that this road had been opened for public use, and had been adopted and accepted by the town as a public highway." The instruction evidently had reference to a way by dedication, and in connection with that instruction the judge stated the rules which related to the liability of the town to repair. There was no evidence that the way had been laid out as a highway since the St. of 1846, *c.* 203, and he made no reference to that statute. The instruction therefore was erroneous and deficient, in not stating to the jury that, while they might find such a dedication, and its adoption and acceptance by the authorities of the town, prior to the St. of 1846, yet that after this date, although dedicated by the owner and opened to the public, it could become a way only by a formal laying out by the town. This court so held; and the statement in the opinion delivered by Chief Justice Bigelow, that in the case of prescription, as well as in the case of dedication, it was necessary to show that it became a public way before the St. of 1846, went beyond what the decision required, was directly in conflict with the judgments in *Jennings* v. *Tisbury*, 5 Gray, 73, and in *Hayden* v. *Attleborough*, 7 Gray, 338, and has not been followed in the later decisions of this court.

In *Durgin* v. *Lowell*, 3 Allen, 398, it was decided that the way in question, which was opened between 1836 and 1839, and constructed and kept in repair by a private corporation, had not been dedicated to the public; and it was also held that it had

not become a way by prescription, the presumption being that the public use had been permissive, clearly implying that, if it had been adverse, a way by prescription might have been established.

In *Commonwealth* v. *Holliston*, 107 Mass. 232, Chief Justice Chapman remarked, in delivering the opinion: "Since the St. of 1846, *c.* 203, highways cannot be established by dedication. *Commonwealth* v. *Taunton*, 16 Gray, 228. Before that time they could be thus established, as well as by prescriptive use. In *Jennings* v. *Tisbury*, 5 Gray, 73, the court say, 'that a proportion of the public ways, whether they be considered public highways or town-ways, stand upon no other title but prescription,' and that the time of prescription is now to be considered as fixed at twenty years. See also *Commonwealth* v. *Old Colony & Fall River Railroad*, 14 Gray, 93, 94." In *Tyler* v. *Sturdy*, 108 Mass. 196, after alluding to the St. of 1846, the court say, "It has been adjudged by this court that, before that statute, highways and town-ways might be established in the Commonwealth by dedication as well as by prescription." In neither of these two cases is it suggested that the St. of 1846, *c.* 203, applies to ways by prescription, as well as to ways by dedication. See also *Gould* · v. *Boston*, 120 Mass. 300.

Two other cases remain to be noticed. The Norfolk and Bristol Turnpike Corporation was authorized by the St. of 1843, *c.* 54, to surrender its charter, and the towns through which it passed were authorized, within one year of the passage of the act, to lay it out as a common highway. The town of Attleborough voted to accept it as a highway, and it was so laid out by the selectmen. In *Hayden* v. *Attleborough*, 7 Gray, 338, it was assumed that the action of the town was not effectual to continue the turnpike as a highway. It was used, however, from that time as a highway until 1875; and it was held in *Richards* v. *County Commissioners*, 120 Mass. 401, that whether the action of the town was or was not legally effectual, the attempted compliance with the provisions of the St. of 1843, followed by actual, general and uninterrupted public use since that time, was enough to establish it as a highway by prescription ; and it was said by the court, "It is not the case of a road opened and dedicated to the public use by the owner, to which

the provisions of the St. of 1846, *c.* 203, Gen. Sts. *c.* 43, § 82, are applicable." This case clearly establishes that evidence of actual, general and uninterrupted public use for twenty years, between 1843 and 1875, is sufficient to establish a highway by prescription. See also *Murphy* v. *Boston*, 120 Mass. 419.

The case of *Commonwealth* v. *Matthews*, 122 Mass. 60, is a direct authority to the same point. There was no proof of any laying out of a certain street in Boston, or of its formal accept-ance, but it was shown to have been a common thoroughfare for twenty years, and to have been known as Providence Street during that time; and it was held that this evidence was admis-sible, and that the jury would be justified in finding that the way had been located and appropriated to the public use. The presiding judge had instructed the jury that from this evidence they could infer that the way had been located and dedicated to the public use as a street; and this court decided that the word " dedicated " must be taken to mean appropriated, and not of necessity a dedication by a private proprietor within the mean-ing of St. 1846, *c.* 203. Gen. Sts. *c.* 43, § 82.

We are not aware of any case in which *Commonwealth* v. *Taunton*, 16 Gray, 228, has been cited as authority to the point that ways by prescription, as well as those by dedication, are within the provisions of the St. of 1846.

This review of the authorities establishes the proposition that highways may be proved in Massachusetts by prescription, in the same manner as they could prior to the St. of 1846; and we adhere to the construction of Chief Justice Shaw, that the St. of 1846 "leaves untouched the case of public ways by pre-scription." 5 Gray, 74.

We are also of opinion that the evidence that the wall had stood over fifty years along the curved line was competent, and it was for the jury to find whether, upon all the facts, it fronted on the highway and was a boundary thereof. Under the Gen. Sts. *c.* 46, § 1, such a fence may be evidence of the boundary of a way, even if a record of the laying out exists.

*Exceptions overruled.*

*J. Brown*, for the defendant.

*G. Marston*, Attorney General, for the Commonwealth.