COMMONWEALTH *vs.* LAWRENCE R. HAYDEN.

Middlesex.   November 4, 1968. — November 29, 1968.

Present: WILKINS, C.J., WHITTEMORE, CUTTER, KIRK, SPIEGEL, & REARDON, JJ.

*Way,* Public: what constitutes.

At the trial of a complaint for violation of an ordinance of Everett "in and upon a . . . public street, to wit: — School Street," mere testimony by a police officer, that he proceeded to a "club, an establishment on School Street, about 150 yards from Everett Square," and that at the scene he observed "a man under arrest. There were about 40 to 50 persons on the street and sidewalk milling about. . . . The police wagon . . . pulled up by the public library in Everett," did not warrant a finding that School Street was a public way.

COMPLAINT received and sworn to in the First District Court of Eastern Middlesex on August 3, 1967.

The case was heard in the Third District Court of Eastern Middlesex by *Lack,* J., upon an appeal under St. 1964, c. 628, as amended.

*Alfred P. Farese* for the defendant.

*Henry F. Owens, III,* Assistant District Attorney (*Ruth I. Abrams,* Assistant District Attorney, with him), for the Commonwealth.

KIRK, J.   The complaint, dated August 3, 1967, charged that the defendant Hayden on August 2, 1967, at Everett "in and upon a . . . public street, to wit: — School Street, did behave in a rude and disorderly manner, and used indecent, profane and insulting language near dwelling houses, contrary to the Ordinances . . . ."   At a jury waived trial Hayden was found guilty by a District Court judge sitting in the Third District Court of Eastern Middlesex under the provisions of St. 1964, c. 628, as amended by St. 1966, c. 360, § 1.

We need consider only Hayden's exception to the denial of his motion for a directed verdict (which we treat as a request for a ruling), filed at the close of the evidence, on the ground that the evidence was insufficient to convict.   Specifically, it was argued to the judge and to us that the Commonwealth failed to prove that School Street was a public way.

A certified copy of the city ordinance on which the complaint was based was in evidence.   It reads: "No person shall behave in a rude or disorderly manner or use any indecent, profane or insulting language, in any public way, park, common or other public place in the city, or near any dwelling house or public building therein."   The Commonwealth must allege and prove as an element of the offence that the misconduct complained of occurred at one of the places stated disjunctively in the ordinance.   The bill of exceptions discloses no evidence that the offensive conduct took place, as alleged, "near dwelling houses." The question therefore is whether the evidence was sufficient to warrant a finding that School Street was a public way. The issue is one of fact.   It is commonly removed from the domain of dispute by agreement.   The fact is not the subject of judicial notice.   When the fact of a public way is alleged by one party and disputed by the adversary the burden of proof ultimately falls on the party asserting the fact.   In civil cases, under the provisions of G. L. c. 231, § 30, as amended through St. 1949, c. 179, if it is alleged that a place is a public way, the allegation is taken to be admitted unless the party controverting it files in court a

special demand for its proof. Under G. L. c. 233, § 79F, as amended through St. 1967, c. 266, in all cases "A certificate by . . . [the designated official] that a particular way is a public way as a matter of record shall be admissible as prima facie evidence that such a way is a public way."[1] The bill of exceptions does not show that a certificate by the city clerk of Everett was offered in evidence under the provisions of G. L. c. 233, § 79F. The failure of the prosecution to use the method of proof authorized by the remedial statute, G. L. c. 233, § 79F, requires a determination whether the finding of a public way was otherwise supportable.

The evidence which the Commonwealth contends would support a finding that School Street was a public way consisted of testimony by a police officer that he proceeded to a "club, an establishment on School Street, about 150 yards from Everett Square." At the scene he observed "a man under arrest. There were about 40 to 50 persons on the street and sidewalk milling about. . . . The police wagon . . . pulled up by the public library in Everett." This evidence falls far short of the evidence which was deemed to be sufficient in *Commonwealth* v. *Leone,* 250 Mass. 512, 513, 515. *Commonwealth* v. *Mara,* 257 Mass. 198, 209. *Commonwealth* v. *Charland,* 338 Mass. 742, 744–745. Indeed, the evidence on the point is much thinner than that presented in *Commonwealth* v. *Harris,* 257 Mass. 434, 435–436, where, after pointing out certain deficiencies, the court held that the proof was insufficient. The requisite degree of proof cannot be inferred from the stated testimony. The number of persons "milling about" tends to show attraction to the scene by the commotion rather than heavy use of the street as a thoroughfare. The location of the public library relative to the place of the offence or to School Street does not appear.

The requested ruling should have been granted.

*Exceptions sustained.*

---

[1] For a discussion of the circumstances leading to the recommendation of G. L. c. 233, § 79F, see Twenty-seventh Report of the Judicial Council (December, 1951), Pub. Doc. No. 144, pp. 33, 53–54.