TOWN OF BOXBOROUGH *vs.* JOATHAM SPRING REALTY TRUST & others.

Middlesex. October 10, 1969. — December 5, 1969.

Present: WILKINS, C.J., CUTTER, KIRK, SPIEGEL, & REARDON, JJ.

*Way,* Public: establishment, by prescription. *Adverse Possession and Prescription.*

A conclusion by a master that a way running from a public way to an appellant's land across other land, although subject to a prescriptive right of way appurtenant to the appellant's land, had not become a public way by prescription was warranted by the master's findings as to sparse use of the way and other aspects of its history, even though a

deed of the land crossed by the way recited that the land was "conveyed subject to any rights of the public in" the way and for a period of more than twenty years the town listed the way as a public way and plowed snow and did maintenance work thereon.

BILL IN EQUITY filed in the Superior Court on August 2, 1963.

The suit was heard by *Lurie*, J., on a master's report.

*Julian J. D'Agostine* for Barbara A. Sweeney.

*Charles R. Parrott* for Joatham Spring Realty Trust.

REARDON, J. This is a bill for a declaratory decree brought by the town of Boxborough (town) to determine the rights, if any, of the public to the use of a way running over land of the Joatham Spring Realty Trust (appellee) to the land of Barbara A. Sweeney (appellant). The matter was referred to a master who filed a report to which the appellant (who had been substituted for an original party as successor in title) filed an objection on the grounds that the master's subsidiary findings of fact compelled the conclusion that the way was a public way by prescription and that there was no finding "as to the ratio of public to private use" of the way. While the record is silent on whether the appellant complied with Rule 90 of the Superior Court (1954) relative to a request for a summary of evidence, the master did file such a summary dealing with the ratio of public to private use of the way. The master's report was confirmed and a final decree based thereon was entered which adjudged that no part of the way in question was a public way but that a right of way for the benefit of the appellant for residential and farming purposes did exist across the land of the appellee. The appellant appealed from the final decree.

The master found that the appellee owned a parcel of land in Boxborough situated on the northerly side of Whitcomb Road, a public way. In the deed to the appellee's predecessors in title appeared the language, "said premises are conveyed subject to any rights of the public in the road known as Joatham Road." The deed to the appellant's predecessors in title conveyed two lots, one of which was described as being located "on the West side of the so-called

. .... [Joatham Road]." On a view the master found a well defined way running north from Whitcomb Road through the appellee's land for approximately 1,240 feet to the southerly line of the appellant's land. This way is about eleven feet in width, has a hard gravel surface with five telephone poles along its side line, and ends in a small circular turnabout area at the southerly end of the appellant's land. Save for the references above no deed in evidence contained any other mention of Joatham Road whatever. The only available access to the appellant's land was through the land of the appellee and such access "is reasonably necessary." There was no evidence that the parcels of land belonging to the appellant and the appellee were ever in a common ownership. From 1940 through 1961 the town listed a Clarke Road as a public way. Clarke Road is also known as Joatham Road. During the same period the town plowed snow on the way, scraped the way every other year and "occasionally cut or sprayed the brush" along its length. Few members of the public used the way and then only for purposes of visiting a spring located beyond the appellant's land, hauling wood from back land or occasionally hunting. A house on the appellant's land has been in existence for over thirty years and over the years various owners of the appellant's land or occupants of the house have employed the way as a means of ingress to and egress from the land "in the manner in which ways are commonly used for residential and farming purposes." This use has been open and continuous for a period in excess of twenty years.

The master found that no public way had been established by prescription but that there was a right of way by prescription in the appellant. Upon these findings the final decree was entered and the appeal was taken.

We are bound by the findings of the master unless they are mutually inconsistent, contradictory or plainly wrong.[1]

---

[1] The record brings to us only limited summaries of evidence not constituting a full report and, hence, we apply the stated rule. *Morin* v. *Clark*, 296 Mass. 479, 483. *Minot* v. *Minot*, 319 Mass. 253, 256–260.

*Lukas* v. *Leventhal,* 344 Mass. 762.   *Madigan* v. *McCann,* 346 Mass. 62, 64.

We find no inconsistencies in the master's findings relative to the possibility that a public way had been established. Public use of the way was sparse and spotty as distinguished from the use of the way in *Carson* v. *Brady,* 329 Mass. 36, where, as the appellee properly contends, evidence of maintenance by the city of Beverly was incidental to evidence of extensive public use.   *Commonwealth* v. *Coupe,* 128 Mass. 63, 64–65, and cases cited, established that a public way by prescription must be based on evidence of use "by the public, adverse and continuous for a period of twenty years or more . . . ."   That there was continued use by the public for more than twenty years does not in itself raise a presumption that such use was adverse.   "To establish such a use the further fact must be proved, or admitted, that the general public used the way as a public right; and that it did must be proved by facts which distinguish the use relied on from a rightful use by those who have permissive right to travel over the private way." *Bullukian* v. *Franklin,* 248 Mass. 151, 155.   We conclude that the master's report, which is a clear factual summary of the pertinent history of the way, affords no basis in law for agreement with the contentions of the appellant relative to public adverse use of the way.   In so stating we have taken into consideration the language of Mr. Justice Holmes in *Taft* v. *Commonwealth,* 158 Mass. 526, 552, relative to the frequency of public use in smaller communities where such use is perhaps best estimated by the nature of the area served.

Nor does the fact that the town has listed Clarke Road as a public way in its annual estimates to the Commonwealth for assistance under G. L. c. 81 warrant a conclusion that a public way was thus established.   See *Commonwealth* v. *Coupe,* 128 Mass. 63, 66.

*Decree affirmed.*