W. D. COWLS, INC. *vs.* AUGUST WOICEKOSKI & others.[1]

Hampshire.    March 16, 1978. — January 29, 1979.

Present: HALE, C.J., ARMSTRONG, & BROWN, JJ.

*Way*, Public: establishment.

In an action by a plaintiff seeking an injunction to prevent the defendants from interfering with its use of a certain road, the evidence was insufficient to establish that the road had ever obtained the status of a public way or that the plaintiff had acquired an easement or private right of way over the road by grant or prescription. [19-21]

BILL IN EQUITY filed in the Superior Court on January 18, 1972.

The suit was heard by *Moriarty*, J.

*Stephen B. Monsein* for the plaintiff.

*John B. Howard* for the defendants.

BROWN, J. The plaintiff sought an injunction to prevent the individual defendants August and Sylvia Woicekoski (the defendants) from interfering with its use of a certain road in the town of Belchertown and a declaration that

---

[1] Sylvia Woicekoski and The Valley Bank and Trust Company.

the defendants have "no right or title to the land over the said old road, except that interest or right in common with" other members of the public to use the road. The plaintiff claimed that the road, the so called Old Stage Road, is a public way, and, therefore, that the defendants could not maintain a barrier preventing access. After trial in the Superior Court, judgment was entered dismissing the plaintiff's action.

As there was no evidence upon which a finding could have been based "that the plaintiff or its predecessors in title ever acquired an easement or private right of way over the defendants' land by grant or by prescription," compare *Boxborough* v. *Joatham Spring Realty Trust*, 356 Mass. 487, 488-489 (1969), the determinative issue in the case was whether Old Stage Road was or ever had been a public way. Such a question is ordinarily for the trier of fact to decide upon the evidence. *Clark* v. *Hull*, 184 Mass. 164, 166 (1903).

The judge made detailed findings that Old Stage Road had never attained the status of a public way and ruled that the plaintiff had "failed to establish any right to pass over the defendant's property or to have the barrier on the property removed."

If a road has never been dedicated and accepted, laid out by public authority, or established by prescription, such a road is private. See *Commonwealth* v. *Coupe*, 128 Mass. 63, 64-68 (1880). See also *Bowers* v. *Suffolk Mfg. Co.*, 4 Cush. 332, 342 (1849); *Morse* v. *Stocker*, 1 Allen 150, 154 (1861); *Durgin* v. *Lowell*, 3 Allen 398, 400-401 (1862). If any road could be made public solely by acts of the landowners, with no accompanying act by public authorities, the municipality would be responsible for the maintenance and repair of countless roads. *Bowers* v. *Suffolk Mfg. Co.*, *supra* at 340. Thus, there can be private ways, which are "defined ways for travel, not laid out by public authority or dedicated to public use, that are wholly the subject of private ownership," *Opinion of the Justices*, 313 Mass. 779, 782 (1943), which are open to public use "by

license or permission" (*id.* at 783) of the owner; however, such use "may be terminated at any time at the will of the owner" (*id.* at 785).

There was no evidence of either the laying out or acceptance (see G. L. c. 82, § 23) of Old Stage Road by any public authority. Contrast *Reed* v. *Mayo*, 220 Mass. 565, 567-568 (1915). Nor was there any evidence "that any portion of the road was ever dedicated to the public use either before or after 1846." See *Loriol* v. *Keene*, 343 Mass. 358, 360-361 (1961). Compare *Clark* v. *Hull, supra.* No evidence was presented that the road was ever maintained or repaired by any public authority. Contrast *Reed* v. *Mayo, supra* at 567. In addition, the judge found, and we agree, that "there is insufficient evidence to warrant a finding that the general public acquired a right to use the road by prescription." See *Durgin* v. *Lowell, supra* at 401. Compare *Sprow* v. *Boston & Albany R.R.*, 163 Mass. 330, 339-342 (1895). The testimony of the seventy-six year old resident of Belchertown was not dispositive, as it tended to show the road had been used very little, only by a few people walking over it and for some occasional logging, which, for all that appears, was only one month every two years. Compare *Gower* v. *Saugus*, 315 Mass. 677, 681-682 (1944).

The plaintiff relies chiefly on the wording of a series of deeds and an 1830 map of Belchertown, prepared in accordance with Res. 1829, c. 50, to establish that Old Stage Road is a public way. However, no conclusive evidence was presented which would have shown that the road came under the "public," rather than the "private," designation of that resolve. See *Commonwealth* v. *Gammons*, 23 Pick. 201, 203 (1839). Although all but one of the plaintiff's deeds contains a reference to the "town road" or "the highway," none of the defendants' deeds subsequent to the deed executed in 1869 makes reference to any "town" road or "highway." *Id.*

The cases of *Stedman* v. *Southbridge*, 17 Pick. 162, 165 (1835), *Harding* v. *Medway*, 10 Met. 465, 469 (1845), and

*Woburn* v. *Henshaw*, 101 Mass. 193 (1869), are all inapposite, as it was not disputed in any of those cases that the way was public.

Accordingly, we conclude that the judge did not err.

.                                     *Judgment affirmed.*