CHRISTIAAN P. WITTEVELD & another *vs.* CITY OF HAVERHILL & others. June 10, 1981. By a trespass action against their southerly abutter and against the city of Haverhill, its mayor, and its building inspector, the plaintiffs raised the question of the existence of a public road along their southwesterly lot line. A judge of the Land Court determined that, upon all the evidence, no public road existed across the plaintiffs' land and entered judgment that the plaintiffs "hold title to their land . . . free from any right of the defendants to use any part thereof." The judgment also provided that the defendants had not established a private way by grant or prescription. The defendants appealed.

At bottom, the defendants dispute the Land Court judge's findings of fact. These we uphold unless clearly erroneous. Mass.R.Civ.P. 52(a), 365 Mass. 816 (1974). *Building Inspector of Lancaster* v. *Sanderson*, 372 Mass. 157, 160-161 (1977). See *Norton* v. *West*, 8 Mass. App. Ct. 348, 350 (1979). (Since this is not a confirmation of title or registration proceeding, we do not apply the even more deferential standard appropriate in such cases. See *Lyon* v. *Parkinson*, 330 Mass. 374, 375 [1953]). Our review of the record has disclosed conflicting evidence as to the record title, the history, and the physical circumstances regarding an ancient way called Old Road. There was ample evidence to support the judge's findings that no public way existed in the disputed area. This included the manner in which the path of the claimed way was overgrown with trees and other vegetation; the precipitous rise and fall in grade which made driving a car over that path improbable; the exceedingly meager use by the public of the area in dispute during the last seventy-five years; and the absence of Old Road from any current Haverhill maps. No direct evidence was introduced of a laying out of Old Road by public authority or the dedication of it prior to 1846 by the owner to public use, permanent and unequivocal, coupled with an express or implied acceptance by the public. *Fenn* v. *Middleborough*, 7 Mass. App. Ct. 80, 83-84

(1979). See also *W.D. Cowls, Inc.* v. *Woicekoski*, 7 Mass. App. Ct. 18, 19-20 (1979). While the discontinuance in 1895 of a portion of Old Road by Haverhill permitted the inference that Old Road was a public way, it did not compel that inference. As the judge said, the discontinuance may have signified no more than an abundance of caution against the possibility that a public way did exist.

Evidence as to whether a public way had at one time been established by prescription was similarly sparse. It did not appear that Old Road had ever received long and continuous use by the public. *Commonwealth* v. *Coupe*, 128 Mass. 63, 64 (1880). *W.D. Cowls, Inc.* v. *Woicekoski, supra.* As in *Fenn* v. *Middleborough*, 7 Mass. App. Ct. at 85, "the proof in this case fell short of showing use by the public continuous for the requisite period." When the fact of a public way is disputed, the burden of proof falls on the party asserting the fact. *Commonwealth* v. *Hayden*, 354 Mass. 727, 728 (1968). See *Boxborough* v. *Joatham Spring Realty Trust*, 356 Mass. 487, 490 (1969). Nor did the defendants fare better in establishing the existence of a private right of way by adverse possession. G. L. c. 187, § 2. See *Uliasz* v. *Gillette*, 357 Mass. 96, 101-102 (1970). Here again, the burden of proof fell on the defendants as the parties trying to assert the easement. *Foley* v. *McGonigle*, 3 Mass. App. Ct. 746 (1975).

There was evidence which supported the judge's finding that the plaintiffs' predecessors in title considered the disputed area as part of their premises and that the fee in that area had not been claimed by Currier, the southerly abutter. The judge was warranted in applying G. L. c. 183, § 58, and ruling that the plaintiffs owned the strip referred to as Old Road free of the rights of others. Compare *Emery* v. *Crowley*, 371 Mass. 489 (1976).

*Judgment affirmed.*

*Paul Kazarosian*, City Solicitor (*William S. Faraci* with him) for the city of Haverhill & others.

*Peter V. Grillo* for Vernon F. Currier.

*Katherine Liacos Izzo* (*Elaine S. Feld* with her) for the plaintiffs.