GORDON BRUGGEMAN & others *vs.* JOHN P. MCMULLEN & another.[1] No. 87-1144. August 22, 1988. *Way,* Public: what constitutes; Private: way open to public use.

Thirty-nine owners of land in a subdivision in Brewster sought a declaration that the defendants, the McMullens, who own a parcel in the subdivision, could not use Midway Avenue, a way serving the subdivision, as access to land which the McMullens own adjoining the subdivision and on which they propose to build commercial use buildings. A judge of the Land Court, acting on the defendants' motion for summary judgment, rendered summary judgment for the plaintiffs. Mass.R.Civ.P. 56(c), 365 Mass. 824 (1974). She declared that the defendants' unregistered land (i.e., that adjoining the defendants' land in the subdivision) does not enjoy access to Midway Avenue over the defendants' registered land. The defendants have appealed.

Appurtenant to the lots in the "Pineland Park" subdivision is the right to use Midway Avenue for access to and from State Highway 6A. There is no dispute that the defendants' unregistered property, which fronts on Route 6A, enjoys no reservation of right or other acquisition of right to travel over Midway Avenue. There is equally no dispute that Midway Avenue is not a public way in the sense of having been dedicated to public use and accepted, laid out by public authority, or established by prescription. *W.D. Cowls, Inc.* v. *Woicekoski*, 7 Mass. App. Ct. 18, 19 (1979). As Midway Avenue is part of the registered land title of the owners who abut it, no easement to use it may be acquired by prescription in any event. See G. L. c. 185, § 53.

---

[1] Susan M. McMullen.

The sole basis upon which the defendants claimed before the Land Court the right to move commercial traffic from their unregistered land over Midway Avenue is that the town of Brewster, by undertaking to remove snow and ice from Midway Avenue pursuant to G. L. c. 40, §§ 6C and 6D, had somehow transformed a private way into a public way. By accepting municipal service for the private way, the defendants argue, the plaintiffs may not restrict the public's use of the way. Under G. L. c. 40, § 6C, inserted by St. 1943, c. 225, a municipality may appropriate money to plow private ways "open to the public use." Ways to which the public has access for ordinary travel may be private. See *Commonwealth* v. *Hart, ante* 235, 236-237 (1988). Within the text of § 6C, the Legislature took care to state that "the removal of snow and ice from such a way shall not constitute a repair of a way," an apparent recognition of those cases which have said that repair of a way by a municipality is evidence of the way's public nature. See *Commonwealth* v. *Holliston*, 107 Mass. 232, 234 (1871); *Reed* v. *Mayo*, 220 Mass. 565, 567 (1915).

The phrase "open to the public use," when applied to a private way, connotes that the private way is open to the public at large for ordinary travel. See *Opinion of the Justices*, 313 Mass. 779, 783 (1943). The use allowed the public in such a case, however, is less than the broad easement of travel which the public has within the limits of a public way. An easement in a public way comprises every reasonable transportation of persons and commodities and the installation of utilities and communication lines. See *Opinion of the Justices*, 297 Mass. 559, 562 (1937). In the instant case the defendants concede that they desire to grant a secondary access over Midway Avenue and over their registered land abutting Midway Avenue to their adjoining commercial development, particularly for deliveries and parking. That is a right akin to that of persons in a public way and greater than that enjoyed by the general public in a private way "open to the public use."

*Judgment affirmed.*

*Adrianne M. Blair* for the defendants.
*Lawrence O. Spaulding, Jr.,* for the plaintiffs.