NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-826

COMMONWEALTH

vs.

MICHAEL JOHN HOLLISTER.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Following a bench trial in the District Court, the defendant, Michael J. Hollister, was convicted of operating a motor vehicle under the influence of alcohol (OUI) and negligent operation of a motor vehicle (negligent operation).  On appeal, he contends that the Commonwealth presented insufficient evidence to prove that he operated his vehicle on a public way. We affirm.

Background.  On May 29, 2022, at approximately 2:15 A.M., Officer Jesse Mabe observed a "multi-car motor vehicle accident" on Suffolk Avenue in West Yarmouth.[1]  Officer Mabe described Suffolk Avenue as a "small residential neighborhood off of West Yarmouth Road; just houses, just a residential street."  He

---

[1] Photographs of the damaged vehicles were admitted in evidence as exhibits at trial.

further stated that Suffolk Avenue was "a basic paved residential street." There was no curbing on the street, but "there might be a couple of side roads."

When Officer Mabe arrived at the accident scene, he approached a man, identified as the defendant, leaning against the side door of one of the "heavily damaged" vehicles. Officer Mabe "asked him what had happened," and the defendant replied that he "was driving and somebody in some other parked vehicle opened their door. He swerved to avoid that vehicle . . . and he struck the other two parked vehicles in the process." While speaking with the defendant, Officer Mabe observed that he had "glassy and bloodshot" eyes, spoke slowly, had "heavily slurred" speech, and "his face was flushed red." When asked where he was coming from, the defendant pointed to West Yarmouth Road, and stated that he was coming from a friend's house.

Officer Mabe asked the defendant to perform some field sobriety tests, which he attempted, but did not perform to the officer's satisfaction. Officer Mabe formed the opinion that the defendant was intoxicated and arrested him. During the booking process, it was noted that the defendant emanated a strong odor of alcohol.

Discussion. The defendant argues that the evidence at trial failed to prove the public way element required for both OUI and negligent operation, and thus the judge erred in denying

2

his motion for a required finding of not guilty.  We apply the familiar Latimore test to determine "whether, after viewing the evidence in the light most favorable to the [Commonwealth], any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt" (emphasis and citation omitted).  Commonwealth v. Latimore, 378 Mass. 671, 677 (1979).  "If, from the evidence, conflicting inferences are possible, it is for the [factfinder] to determine where the truth lies, for the weight and credibility of the evidence is wholly within [its] province."  Commonwealth v. Lao, 443 Mass. 770, 779 (2005), S.C., 450 Mass. 215 (2007) and 460 Mass. 12 (2011).  See Commonwealth v. Nelson, 370 Mass. 192, 203 (1976) (evidence need not require jury to draw inference; sufficient that evidence permits inference to be drawn).

     To prove OUI or negligent operation, the Commonwealth must prove that the defendant operated a motor vehicle upon a public way or place.  Commonwealth v. Tsonis, 96 Mass. App. Ct. 214, 217 (2019).  "A public way or place is defined as 'any way or . . . any place to which the public has a right of access, or . . . any place to which members of the public have access as invitees or licensees.'"  Id., citing G. L. c. 90, § 24 (1) (a) (1), G. L. c. 90, § 24 (2) (a).  A public way may be determined by its "objective appearance" (citation omitted).  Commonwealth v. Belliveau, 76 Mass. App. Ct. 830, 832 (2010).  "In making

3

that determination, we look to see if the 'physical circumstances of the way are such that members of the public may reasonably conclude that it is open for travel.'" Id. at 832-833, quoting Commonwealth v. Hart, 26 Mass. App. Ct. 235, 238 (1988). "Some of the usual indicia of accessibility to the public include paving, curbing, traffic signals, streetlights, and abutting houses or businesses." Id. at 833, quoting Commonwealth v. Smithson, 41 Mass. App. Ct. 545, 549-550 (1996).

The defendant first contends that the Commonwealth failed to satisfy G. L. c. 233, § 79F, which states in relevant part that a "certificate" indicating "that a particular way is a public way as a matter of record shall be admissible as prima facie evidence that such a way is a public way." However, as the defendant also notes, in lieu of utilizing the certificate delineated in G. L. c. 233, § 79F, the Commonwealth may establish the public way element through other evidence that would support a finding that the street at issue was a public way. Commonwealth v. Hayden, 354 Mass. 727, 729 (1968); Tsonis, 96 Mass. App. Ct. at 217. Here, the Commonwealth did just that.

In the present case, the Commonwealth presented evidence that the defendant operated a motor vehicle on a paved road "in a small residential neighborhood" along "a residential street." Evidence also showed that the defendant had driven onto Suffolk Avenue from a connecting street, West Yarmouth Avenue, and that

4

there were at least two other vehicles on the street that were involved in the accident. There were no signs, thus permitting, under the totality of facts here, the inference that the public was not excluded from the street. See Hart, 26 Mass. App. Ct. at 238, citing Danforth v. Durell, 8 Allen 242, 244 (1864) (indicia of accessibility to public included "paved road, no signs that any person is to be excluded"). We are satisfied that, viewing the evidence in the light most favorable to the Commonwealth and drawing all inferences in the Commonwealth's favor, there was sufficient evidence that the defendant operated on a public way.

After trial, the defendant filed a motion to reconsider the denial of his motion for a required finding of not guilty. The defendant submitted with the motion an affidavit from trial counsel containing two attachments: (1) a "Town of Yarmouth Tax Map" purporting to indicate that the roadway where the accident occurred is "PRIVATE" (emphasis in affidavit) and (2) a letter from the "Town of Yarmouth Assessor's Office" indicating that the area of Suffolk Avenue where the accident occurred is "PRIVATE" (emphasis in affidavit). The motion judge (who was also the trial judge) denied the motion "without consideration of attached exhibits as they were not part of the evidence introduced at trial." The defendant now argues that the judge erred by shifting the burden of proof to the defendant and

abusing her discretion in denying his posttrial motion.  We disagree.  A motion for a required finding of not guilty is limited to the evidence presented at trial, viewed in the light most favorable to the Commonwealth.  Latimore, 378 Mass. at 677.  The motion to reconsider the denial of that motion sought to introduce new evidence that was not before the judge as the trier of fact at the bench trial.  On that basis alone, the judge did not abuse her discretion in denying the motion.[2]

Judgments affirmed.

By the Court (Neyman, Hershfang & Hodgens, JJ.[3]),

Assistant Clerk

Entered:  May 9, 2024.

---

[2] The proper mechanism to address any purported new evidence referenced in trial counsel's affidavit and attached to the motion to reconsider would be a motion for a new trial brought pursuant to Mass. R. Civ. P. 30, as appearing in 489 Mass. 1401 (2022).  We express no view as to the viability of such a motion in the present case.

[3] The panelists are listed in order of seniority.

6