NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-686

COMMONWEALTH

vs.

MICHAEL J. PINA.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant, Michael J. Pina, appeals from a conviction, after a jury-waived trial in the District Court, of operating a motor vehicle while under the influence of alcohol, fifth offense, G. L. c. 90, § 24 (1) (a) (1).  Concluding that the officer's description of Onset Avenue as a two-lane road in the center of town, lined with numbered buildings including businesses and a post office, provided sufficient evidence to show that the defendant traveled on a public way, we affirm.

1.  Standard of review.  "When reviewing the denial of a motion for a required finding of not guilty, 'we consider the evidence introduced at trial in the light most favorable to the Commonwealth, and determine whether a rational trier of fact

could have found the essential elements of the crime beyond a reasonable doubt.'"  Commonwealth v. Quinones, 95 Mass. App. Ct. 156, 162 (2019), quoting Commonwealth v. Faherty, 93 Mass. App. Ct. 129, 133 (2018).  "The inferences that support a conviction 'need only be reasonable and possible; [they] need not be necessary or inescapable.'"  Commonwealth v. Sabin, 104 Mass. App. Ct. 303, 305 (2024), quoting Commonwealth v. Howe, 103 Mass. App. Ct. 354, 357 (2023).  For the crime of operating a motor vehicle while under the influence of alcohol, "the Commonwealth was required to prove that the defendant (1) operated a motor vehicle, (2) on a public way, (3) while under the influence of alcohol."  Commonwealth v. Gallagher, 91 Mass. App. Ct. 385, 392 (2017).  Only the second element is at issue in this appeal.

2.  Public way.  "A public way or place is defined as 'any way or . . . any place to which the public has a right of access, or . . . any place to which members of the public have access as invitees or licensees.'"  Commonwealth v. Tsonis, 96 Mass. App. Ct. 214, 217 (2019), quoting G. L. c. 90, § 24 (1) (a) (1).  "Whether a particular way is accessible to the public as invitees or licensees, within the meaning of the statute, is a legal conclusion which we consider independently."  Commonwealth v. Virgilio, 79 Mass. App. Ct. 570, 573 (2011).  In making this determination, "we look to see if the 'physical

2

circumstances of the way are such that members of the public may reasonably conclude that it is open for travel.'" Commonwealth v. Belliveau, 76 Mass. App. Ct. 830, 832-833 (2010), quoting Commonwealth v. Hart, 26 Mass. App. Ct. 235, 238 (1988).

Here, the officer described Onset Avenue as a two-lane road, with one lane going in each direction. See Commonwealth v. Brown, 51 Mass. App. Ct. 702, 710-711 (2001) (multiple lanes of traffic indicative of public way). The avenue was plainly lengthy; its buildings ranged to at least 231, and fifty to seventy-five meters separated 214 and 231 Onset Avenue. The avenue bordered the "Onset Cash Market" and another "commercial building." See Hart, 26 Mass. App. Ct. at 237 ("broad category of business visitors" indicative of public way). The avenue was "right in the center of town," and there were "tons of people" there. See id. ("general use by the public" indicative of public way). The officer was patrolling Onset Avenue before he observed the defendant. See Brown, supra at 706 (public way "routinely patrolled by the Massachusetts State police").

Most important, Onset Avenue has a post office. Indeed, the defendant's motor vehicle was parked "right by the post office." It strains credulity to posit that the Federal government placed a post office on a private way without a right of public access. See Commonwealth v. Kaplan, 97 Mass. App. Ct. 540, 542 n.7 (2020) (no dispute that lot "associated with the

3

town hall (a public building)" is public way). Cf. Commonwealth v. Hayden, 354 Mass. 727, 729 (1968) (testimony that police wagon "pulled up by the public library in Everett" did not show public way where "[t]he location of the public library relative to the place of the offence or to School Street does not appear"). The officer's description of two-lane road in the center of town with numbered buildings, including two businesses and a post office, was sufficient evidence to show that the avenue was a public way.

Judgment affirmed.

By the Court (Desmond,
 Ditkoff & Englander, JJ.[1]),

Clerk

Entered:  April 11, 2025.

---

[1] The panelists are listed in order of seniority.